**Roy D. ATKINS, Petitioner,**

v.

**Robert E. CROSLAND, Respondent.**

No. A–11733.

Supreme Court of Texas.

July 5, 1967.

Rawlings, Sayers, Scurlock & Eidson, Lloyd Scurlock, Fort Worth, for petitioner.

Cantey, Hanger, Gooch, Cravens & Scarborough, Robert A. Watson, Fort Worth, for respondent.

SMITH, Justice.

On September 30, 1963, Petitioner, Roy D. Atkins, brought this suit against Respondent, Robert E. Crosland, to recover damages in the sum of $12,297.32. The parties will be designated as in the trial court. The question for decision is: Did the trial court err in granting defendant's motion for summary judgment based on the ground that plaintiff's cause of action was filed more than two years after December 31, 1960? The Court of Civil Appeals has affirmed the judgment of the trial court so holding. 406 S.W.2d 263. We reverse the judgments of the trial court and the Court of Civil Appeals and remand the cause for a trial on its merits.

In 1958 plaintiff was engaged in the business of owning and operating service stations as a sole proprietor. Near the end of 1958 the defendant, an independant accountant, was employed by the plaintiff for the primary purpose of preparing plaintiff's income tax returns. The defendant relied upon the cash receipts and disbursements method of accounting rather than an accrual method. The method relied upon failed to show plaintiff's inventories.

Plaintiff takes the position that this method was improper.

It is undisputed that by the use of the cash method of accounting, the plaintiff's income tax liability for 1960 would have been $20,627.69. Had the accrual method been successfully employed, on the other hand, the tax liability for that same year would have been only $8,340.37. In 1960 the defendant did in fact utilize the accrual method but failed to secure the consent of the Commissioner of Internal Revenue as required by Internal Revenue Code, 1954, § 446(e). The result of the failure to obtain the required consent was that the Commissioner required the plaintiff to retain the cash method for the year of 1960 thereby depriving him of a tax savings of $12,297.32. On October 20, 1961, less than two years from the institution of this suit, the Commissioner assessed the plaintiff with the tax deficiency of $12,297.32.

The plaintiff alleged that the defendant's choice of accounting methods increased plaintiff's liability in the amount sued for; that the defendant in relying upon the cash receipts and disbursements method of accounting rather than the accrual method was negligent in three particulars and that such negligence was a proximate cause of plaintiff's tax loss. The specific allegations of acts of negligence and proximate cause follow:

"In the course of his employment as plaintiff's independent accountant, defendant was guilty of the following acts of negligence which proximately caused plaintiff's tax loss mentioned above:

(a) In originally adopting the cash receipts and disbursements methods of tax accounting for plaintiff's business;

(b) In failing to obtain the Commissioner of Internal Revenue's permission to change from the cash method to an accrual method of accounting for the 1960 tax year; and

(c) In failing to warn plaintiff of his tax problem in time for plaintiff to pay off his accounts payable prior to the end of the 1960 tax year."

It is undisputed that the acts of the defendant alleged under subparagraphs (a), (b) and (c), supra, occurred prior to and by December 31, 1960. Defendant's motion for summary judgment is supported by an affidavit that all alleged acts of negligence occurred more than two years prior to the commencement of the suit.

Plaintiff's unsworn answer to defendant's motion for summary judgment prays that the motion be overruled for the following reasons:

"Plaintiff would show that this is a suit for indemnity; hence, the statute of limitations did not begin running until plaintiff paid the excess taxes caused by defendant's negligence. There is no evidence before the court to support a conclusion that payment occurred more than two (2) years before filing suit.

" *   *   *

"In the alternative, plaintiff says that the statute of limitations did not begin running until the excess taxes caused by defendant's negligence were assessed against plaintiff by the Commissioner of Internal Revenue. There is no evidence before the Court to support a conclusion that assessment occurred more than two (2) years before filing of suit."

We must first determine when the plaintiff's cause of action accrued, for it is at that time that the two year statute of limitations began to run. Article 5526, Vernon's Annotated Civil Statutes. The plaintiff argues that the statute did not begin to run until the tax deficiency was assessed by the Internal Revenue Service, i.e., only at that time was the tort complained of completed. We agree with this contention.

■ The general rule is that a cause of action sounding in tort accrues, in the absence of a statute to the contrary or fraudulent concealment, when the tort is committed. This rule obtains notwithstanding the fact that the damages, or their extent, are not ascertainable until a later date. Quinn v. Press, 135 Tex. 60, 140 S.W. 2d 438, 128 A.L.R. 757 (1940); Blondeau v. Sommer, 139 S.W.2d 223 (Tex.Civ.App. 1940, writ ref'd); 54 C.J.S. Limitations of Actions § 168, p. 123; 34 Am.Jur. Limitations of Actions, § 160, pp. 126–127; 37 Tex.Jur.2d Limitations of Actions § 62, pp. 184–185. A legal injury must be sustained, of course, before a cause of action arises. It is said in 34 Am.Jur. Limitations of Actions § 160, p. 126:

> "As regards the running of the statute of limitations applicable to torts, a cause of action accrues only when the force wrongfully put in motion produces the injury, the invasion of personal or property rights accruing at that time." (citing the Quinn Case, supra.)

And see Houston-American Finance Corp. v. Travis, 343 S.W.2d 323 (Tex.Civ.App. 1960, writ ref'd n.r.e.). A helpful and often quoted test for determining when the cause of action accrues is found in 54 C.J.S. Limitations of Actions § 168, pp. 122–123:

> "The test to determine when the statute of limitations begins to run against an action sounding in tort is whether the act causing the damage does or does not of itself constitute a legal injury, that is, an injury giving rise to a cause of action because it is an invasion of some right of plaintiff. If the act is of itself not unlawful in this sense, and plaintiff sues to recover damages subsequently accruing from, and consequent on, the act, the cause of action accrues, and the statute begins to run, when, and only when, the damages are sustained; and

this is true although at the time the act is done it is apparent that injury will inevitably result.

> "If, however, the act of which the injury is the natural sequence is of itself a legal injury to plaintiff, a completed wrong, the cause of action accrues and the statute begins to run from the time the act is committed, even where little, if any, actual damage occurs immediately on commission of the tort * * *." See Tennessee Gas Transmission Co. v. Fromme, 153 Tex. 352, 269 S.W.2d 336 (1954).

Turning from general principles to the facts involved in the instant case, we have concluded that the plaintiff's cause of action did not arise until the tax deficiency was assessed by the Commissioner of Internal Revenue. Prior to assessment the plaintiff had not been injured. That is, assessment was the factor essential to consummate the wrong—only then was the tort complained of completed. If a deficiency had never been assessed, the plaintiff would not have been harmed and therefore would have had no cause of action. Thus, the use of the cash method, as opposed to the accrual method, was not in itself the type of unlawful act which, upon its commission, would set the statute in motion. In short, in the absence of assessment, injury would not have inevitably resulted.

A case closely analogous to the case at bar is Linkenhoger v. American Fidelity & Casualty Co., 152 Tex. 534, 260 S.W.2d 884 (1953). In that case the plaintiff-insured brought suit against the defendant-insurer under the Stowers Doctrine.[1] The plaintiff alleged that in a prior personal injury suit filed against him the defendant, as insurer, defended that suit and in so doing negligently rejected a number of reasonable settlement offers which were within the limits of his policy. The judgment rendered against the plaintiff in that suit

---

1. G. A. Stowers Furniture Co. v. American Indemnity Co., 15 S.W.2d 544 (Tex.Comm.App. 1929, Opinion approved).

exceeded his policy limits in the amount of $6,758.08, which amount the plaintiff was forced to pay off. Following this, the plaintiff sued the insurance company for the $6,758.08 and an equal amount in exemplary damages. In answer to this suit, the insurance company pled the two year statute of limitations and contended the statute began to run from the date it last refused to settle the prior offers. The trial court rendered judgment for the plaintiff in the amount of $6,758.08, but the Court of Civil Appeals reversed and rendered the cause for the insurance company on the ground that the plaintiff's claim was barred by the statute of limitations which had begun to run from the date the insurer last refused to settle. On appeal, this Court held that since the plaintiff's liability in the first suit could not be determined until a final judgment was rendered, the statute of limitations began to run from that date, not when the insurer last refused to settle. In so holding the Court said:

> "The petitioner, Linkenhoger, could not have maintained this present suit until such time as his liability and the extent thereof had been determined by a final judgment in the former case. Until then his rights had not been invaded by respondent's failure to accept the terms of settlement offered and the tort was not complete."

The defendant in the present case, however, contends that the rule announced in Carrell v. Denton, 138 Tex. 145, 157 S.W.2d 878 (1942) and Stewart v. Janes, 393 S.W. 2d 428 (Tex.Civ.App. 1965, writ ref'd), governs the result to be reached herein. In both *Carrell* and *Stewart* a physician was charged with negligently failing to remove a gauze paid from a patient's body. While we regard these cases as being distinguishable, the distinction is academic since they have this day been overruled in Gaddis v. Smith, 417 S.W.2d 577 (Tex.Sup.1967).

The defendant also relies on Crawford v. Davis, 148 S.W.2d 905 (Tex.Civ.App. 1941, no writ hist.). In that case suit was brought against an attorney for his negligent failure to properly institute suit on a promissory note before it became barred by the statute of limitations. We have examined that case and determined that it contains language which conflicts with the holding we have made in the present case. Therefore, the language in *Crawford* that is in conflict with our holding here is expressly disapproved.

 In disposing of the present case as we do, we are not unmindful of the policy behind the statute of limitations, to-wit: to prevent the litigation of stale claims. Our holding here does not violate that policy since it is provided by statute that the Commissioner of Internal Revenue must assess a deficiency within three years from the date the tax return is filed. Internal Revenue Code, § 6501, 1954.

The judgments of the trial court and the Court of Civil Appeals are reversed, and the cause is remanded to the trial court for trial.