**W.H. FARNER, Plaintiff-Appellant,**

v.

**FIREMAN'S FUND INSURANCE CO.; Rodey, Dickason, Sloan, Akin & Robb, P.A., and Modrall, Sperling, Roehl, Harris & Sisk, a Partnership, Defendants-Appellees.**

No. 82–1647.

United States Court of Appeals,
Tenth Circuit.

Nov. 16, 1984.

Charles M. Wilson, III, Dallas, Tex. (Ernesto J. Romero of Romero & Revo, Albuquerque, N.M., with him on brief) of Carter, Jones, Magee, Rudberg & Mayes, Dallas, Tex., for plaintiff-appellant.

Alfred L. Green, Jr., Albuquerque, N.M. (Paul L. Butt, Albuquerque, N.M., with him on the brief) of Shaffer, Butt, Thornton & Baehr, P.C., Albuquerque, N.M., for defendant-appellee Fireman's Fund Ins. Co.

Eric D. Lanphere of Johnson & Lanphere, P.C., Albuquerque, N.M., for defendant-appellee Rodey, Dickason, Sloan, Atkin & Robb, P.A.

C. LeRoy Hansen, Albuquerque, N.M. (Cynthia A. Fry, Albuquerque, N.M., with him on brief) of Civerolo, Hansen & Wolf, P.A., Albuquerque, N.M., for defendant-appellee Modrall, Sperling, Roehl, Harris & Sisk.

Before DOYLE and SEYMOUR, Circuit Judges, and SAFFELS, District Judge.*

SEYMOUR, Circuit Judge.

W.H. Farner brought this diversity action against Fireman's Fund Insurance Companies (Fireman's Fund) and two law firms, asserting claims arising out of two prior lawsuits not a part of these proceedings. The district court concluded that all of Farner's claims are barred by the applicable statute of limitations and granted defendants' motions for summary judgment. We affirm in part and reverse in part.

The undisputed facts giving rise to this suit are as follows. In 1973, Timothy Bieri suffered severe, permanent physical injuries while he was a guest at a New Mexico motel owned by Southwest Community Inns, Inc. Farner was an officer and director of this corporation. In February 1974, Bieri filed a negligence action naming only Southwest Community Inns as a defendant (Cause 1). Fireman's Fund had issued the corporation a liability insurance policy that included coverage of the corporation's officers, directors, and stockholders while acting within the scope of their duties as such. Pursuant to this policy, Fireman's Fund retained the law firm of Modrall, Sperling, Roehe, Harris and Sisk

---

* Honorable Dale Emerson Saffels, United States District Judge for the District of Kansas, sitting by designation.

(Modrall) to defend the corporation. When Bieri filed a motion to amend his complaint to add Farner as a named defendant, the firm of Rodey, Dickason, Sloan, Akin & Robb, P.A. (Rodey) was retained to represent Farner personally.

After extensive negotiations involving Bieri's counsel, Modrall, Rodey, and Fireman's Fund, the parties agreed to settle the suit for the limits of the liability insurance policy, $100,000. Pursuant to this settlement, Bieri signed a release covering the corporation and "any executive officer, director or stockholder thereof while acting within the scope of his duties as such." Rec., vol. I, at 9. Following the settlement and release, the court dismissed Bieri's lawsuit with prejudice. The court did not grant the amendment adding Farner.

In July 1975, Bieri filed a second negligence action in state court, naming Farner individually (Cause 2). Farner retained the Rodey firm to represent him and unsuccessfully demanded that Fireman's Fund defend him. Farner raised the release as an affirmative defense in his answer in Cause 2.

On May 5, 1977, the state court in Cause 2 issued an order denying Farner's motion for judgment on the pleadings. The court concluded that the complaint in Cause 2 stated, "claims upon which relief can be granted against the defendant, W.H. Farner in his individual capacity and in his individual capacity while acting outside the scope of his duties as an executive officer, director or stockholder of Southwest Community Inns, Inc." Rec., vol. II, ex. 18. Although the court ruled that fact issues remained on the merits of these allegations, the court concluded that the release in Cause 1 did not cover Farner in the capacities in which he was named in Cause 2. The fact issues arising out of the release were tried separately before trial on the merits of Bieri's negligence claims against Farner. After Farner failed to prevail in the release litigation, Cause 2 was settled for $150,000, and the suit was dismissed.

Farner filed the present action on April 26, 1978. The original complaint named Fireman's Fund only and alleged various breaches of duty in negotiating the release and the dismissal in Cause 1, and in failing to defend Farner in Cause 2. On August 8, 1979, Farner amended his complaint, naming the Rodey and Modrall firms as defendants and adding malpractice claims against them.

This suit was originally filed in Texas and was transferred to the New Mexico federal court under 28 U.S.C. § 1404(a) (1982). In ruling on defendants' summary judgment motions, the district court concluded that all of the claims were governed by the two year Texas statute of limitations for negligence actions. The court further concluded that under Texas law, Farner's claims against all defendants accrued no later than March 16, 1976, the date he received a bill from the Rodey firm for attorney's fees which he seeks to recover as damages in this suit. Because Farner filed this action more than two years later, the district court held that the suit was not timely.

On appeal, Farner does not dispute the application of Texas law; he contends instead that the district court misconstrued it. The two year Texas statute of limitations is applied by the Texas courts to legal malpractice actions. *See, e.g., Citizens State Bank v. Shapiro*, 575 S.W.2d 375, 386 (Tex.Civ.App.1978). Farner argues that the court erred in its selection of the date on which his claims accrued for breaches of duty in negotiating the release, and that his suit was filed within two years of accrual as properly determined. Alternatively, Farner asserts that his claims against Fireman's Fund are subject to the four year Texas statute of limitations governing actions for a debt founded upon written contract.

The district court concluded that a cause of action accrues under Texas law when a compensable legal injury occurs, citing *Atkins v. Crosland*, 417 S.W.2d 150 (Tex. 1967). On appeal, the parties agree that the applicable legal standard has been set

out by the Texas Supreme Court in *Atkins*. They disagree, however, on what accrual date results from the application of the *Atkins* standard to the undisputed facts of this case.

As noted by the district judge, the court in *Atkins* began its discussion by observing that a cause of action does not accrue until a legal injury is sustained. The court then stated that

"The test to determine when the statute of limitations begins to run against an action sounding in tort is whether the act causing the damage does or does not of itself constitute a legal injury, that is, an injury giving rise to a cause of action because it is an invasion of some right of plaintiff. If the act is of itself not unlawful in this sense, and plaintiff sues to recover damages subsequently accruing from, and consequent on, the act, the cause of action accrues, and the statute begins to run, when, and only when, the damages are sustained; and this is true although at the time the act is done it is apparent that injury will inevitably result.

"If, however, the act of which the injury is the natural sequence is of itself a legal injury to plaintiff, a completed wrong, the cause of action arrues and the statute begins to run from the time the act is committed, even where little, if any, actual damage occurs immediately on commission of the tort...."

*Atkins*, 417 S.W.2d at 153, (quoting 54 C.J.S. Limitations of Actions § 168 (1948)).

▪ Under *Atkins* the initial inquiry to be made by a court is whether the act generating the injury is unlawful in itself. *See, e.g., Jim Walter Homes, Inc. v. Castillo*, 616 S.W.2d 630, 633 (Tex.Civ.App.1981). If the act itself is not unlawful, the cause of action accrues "only when the force wrongfully put in motion produces the inju-

ry, the invasion of personal or property rights accruing at that time." *Atkins*, 417 S.W.2d at 153; *see also Green v. Helmcamp Insurance Agency*, 499 S.W.2d 730, 732 (Tex.Civ.App.1973). Under these circumstances, the statute does not begin to run until the plaintiff suffers an injury attributable to the act.[1] "Under Texas law ..., legal injury is complete when the negligence of the defendant attorney results in a diminution of the plaintiff's rights under the law...." *Woodburn v. Turley*, 625 F.2d 589, 592 (5th Cir.1980); *see also Pack v. Taylor*, 584 S.W.2d 484, 486 (Tex.Civ. App.1979).

▪ In this case, negotiating a release, a settlement, and a dismissal is not in itself wrongful. Therefore the district court correctly concluded that Farner's claims did not accrue until he suffered compensable legal injury resulting from these actions. However, we cannot agree with the court's selection of the events producing legal injury. The court held that Farner

"began to suffer damages on the day either that service was made upon him in Cause No. 2 or that he employed the Rodey firm to represent him. Those days, September 8 or September 10, 1975, fall more than two years before the date on which Farner amended his complaint in the present action to join Rodey and Modrall. At the very least, ... Farner incurred legal injury sufficient upon which to premise this suit on March 16, 1976, the date that the Rodey firm billed him for legal services which it had rendered in connection with Cause No. 2. At that point, six months after Farner had been served with the Complaint in Cause No. 2, it should have been apparent to Farner that he was suffering damages which were the direct result of the

---

1. As pointed out by the court in *Cox v. Rosser*, 579 S.W.2d 73 (Tex.Civ.App.1979), the analysis in *Atkins* specifically overruled *Crawford v. Davis*, 148 S.W.2d 905 (Tex.Civ.App.1941), which held that a cause of action for attorney malpractice accrues "at the time when the negligence or breach of duty occurs, not at the time when it is discovered or actual damage results or is fully ascertained." *Id.* at 908, quoted in *Cox*, 579 S.W.2d at 75. As set forth in text *supra*, under *Atkins* the claim only accrues at the time the act is done if the act itself constitutes a legal injury to the client.

alleged negligence of the three defendants in this suit."
Rec., vol. I, at 546–47.

■ We do not believe Farner's claims accrued when suit was filed against him in Cause 2. A cause of action for legal malpractice does not accrue every time a lawsuit is filed that calls into question a document prepared by counsel. The purpose of a release is to protect against liability, not against the initiation of litigation. Even a properly prepared release cannot prevent a party from commencing litigation that challenges the effect of the release under particular circumstances. The filing of Bieri's second suit did not of itself give Farner notice that the release would not provide an affirmative defense.

■ We also reject the district court's alternative determinations that the claims accrued either when Farner retained the Rodey firm or when he received an interim bill. Some costs in defending Cause 2 would have been incurred whether or not the release was ultimately found to provide an affirmative defense to liability. Therefore the March 16 bill from the Rodey firm did not give Farner notice that the release was ineffective, particularly when the record contains evidence that the Rodey firm assured Farner during this time that the release would protect him from liability. *Cf. Anderson v. Sneed*, 618 S.W.2d 388, 389 (Tex.Civ.App.1981).

■ We conclude that Farner's claims accrued when the New Mexico state court ruled on May 5, 1977, that the release did not protect Farner from the claims made in Cause 2. *Cf. Woodburn*, 625 F.2d at 592 (legal injury became manifest upon definitive court ruling). At this point, Farner suffered an injury directly attributable to the release and dismissal in Cause 1, because thereafter he was unable to raise the release itself as an affirmative defense to liability in Cause 2.

**[9]** Farner's amended complaint against Rodey and Modrall was filed August 8, 1979, more than two years after the date on which his claims accrued against them. An amendment adding a party unrelated to the original defendant does not relate back to the date of the original pleading if the amendment is not made within the limitations period for commencing an action against the added party. Fed.R.Civ.P. 15(c); *see Smart v. Ellis Trucking Co.*, 580 F.2d 215, 218 (6th Cir.1978), *cert. denied*, 440 U.S. 958, 99 S.Ct. 1497, 59 L.Ed.2d 770 (1979). Accordingly, Farner's claims against Rodey and Modrall are not timely, and the grant of summary judgment as to those defendants is affirmed.

■ Farner filed suit against Fireman's Fund on April 26, 1978, and his suit against that defendant is therefore timely with respect to negligence claims regarding the release. Farner also contends, however, that Fireman's Fund is liable to him for its refusal to defend him in Cause 2. He was notified in September 1975 that Fireman's Fund would not defend him.[2] Since that date is outside the two year limitations period, that claim is timely only if it is governed by the Texas four year statute of limitations applicable to debts founded upon a written contract.[3] We conclude that it is.

■ In *Hastings v. Royal-Globe Insurance Cos.*, 521 S.W.2d 869 (Tex.Civ.App. 1975), the plaintiff alleged a breach of the duty to defend, as Farner does here. The court rejected the defendant insurance company's argument that the claim was subject to a two year statute of limitations and held that the suit was

"based upon a contract in writing and comes within the provisions of the four year statute of limitations rather than

---

**2.** We note Fireman's Fund's argument on appeal that it had no duty to defend Farner in Cause 2. The district court did not address this contention in its grant of summary judgment, and we decline to do so here. The parties and the court may pursue this matter further on remand.

**3.** During the relevant time period, Texas law provided a four year period of limitations for "[a]ctions for debt where the indebtedness is evidenced by or founded upon any contract in writing." Tex.Stat.Ann. Art. 5527 (Vernon 1958).

the two year statute. The general rule is well established that claims for indemnity for losses under insurance policies are based on contracts in writing within the meaning of the four year statute of limitations."

*Id.* at 872; *see also Franco v. Allstate Insurance Co.,* 505 S.W.2d 789 (Tex.1974). Accordingly, Farner's claim based on breach of the duty to defend is timely.

The summary judgment in favor of defendants Rodey and Modrall is affirmed. The summary judgment in favor of defendant Fireman's Fund is reversed and the case is remanded for further proceedings.