Colonial Foods 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00105-CV







The Bankruptcy Estate of Louis Rochester, Thos. D. Murphy, Jr., Ray Hawkins,


Trudi Hestand and Tracy Hawkins, individually and on behalf of Colonial Food


Stores, Inc.; and Hawkins-Rochester-Murphy, Inc., Appellants



v.



Robert Campbell, Rory McLaughlin, Joe Fleckinger, Chuck Schmidt, Individually


and doing business as, and as agents for Deloitte & Touche, a partnership,


formerly known as Touche Ross & Co.; and Touche Ross & Co., Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT


NO. 91-8113, HONORABLE MARY PEARL WILLIAMS, JUDGE PRESIDING







 Appellants ("the shareholders"), (1) the former owners of Colonial Food Stores, Inc.
("Colonial"), brought an action in district court for accounting malpractice and fraud based on tax
advice rendered by appellees ("Touche Ross") (2) in connection with the sale of Colonial. The
district court granted Touche Ross's motion for summary judgment, which was predicated on the affirmative defense of limitations, among other grounds. We will affirm the district court's
grant of summary judgment in part and reverse in part, remanding only the fraud claims to the
district court for further proceedings.



THE CONTROVERSY


 This action for accounting malpractice and fraud arose from the sale of Colonial,
a corporation owned by the shareholders. In 1980, the shareholders engaged Touche Ross as tax
accountants and auditors; Touche Ross prepared Colonial's tax returns and performed audits for
Colonial through 1984, the year of Colonial's dissolution. In 1983, the shareholders decided that
they would sell Colonial's assets if each of them could realize $2,000,000 from the sale after
payment of the corporation's federal income taxes. When the shareholders began negotiations
with a buyer, they retained Touche Ross to advise them concerning the tax aspects of the proposed
sale. When the shareholders and the buyer reached an impasse on price, the buyer suggested a
tax treatment of the sale that would allow the shareholders to realize the amount they wanted at
a price the buyer was willing to pay.

 At a meeting of Colonial's board of directors, Touche Ross made a presentation
in which it advised the shareholders that the tax treatment proposed by the buyer was acceptable
and would yield each shareholder over $2,000,000 after taxes. The shareholders further contend
that Touche Ross represented that the proposed tax treatment would withstand audit and that the
shareholders would not face additional tax liability on the transaction. Based on Touche Ross's
presentation, the shareholders accepted the buyer's proposal, sold Colonial's assets, distributed
the proceeds of the sale, and dissolved Colonial in April 1984. The Internal Revenue Service
("IRS"), after auditing Colonial in 1987, found the tax treatment of the sale to be improper and
assessed a sizeable deficiency against Colonial. The shareholders contested the deficiency,
eventually settled the dispute with the IRS, and subsequently brought this action.

 The relevant dates in this appeal are as follows:



April 27, 1983 - Touche Ross gives tax advice to Colonial's board of
directors


April 24, 1984 - The shareholders dissolve Colonial and distribute its
assets


June 11, 1987 - IRS issues a notice of deficiency to Colonial due to the
tax treatment of the sale


November 16, 1989 - U.S. Tax Court renders judgment against Colonial for
the deficiency


June 11, 1991 - The shareholders file the present action in district court



 The shareholders pled various causes of action in their original petition, including
negligence, breach of implied warranty, and violation of the Texas Deceptive Trade Practices Act
(DTPA). During discovery, the shareholders found out that Touche Ross also had provided tax
advice to Colonial's buyer during the time of the sale. Accordingly, the shareholders amended
their petition to include a fraud claim based on this alleged conflict of interest. Touche Ross
moved for summary judgment on the affirmative defense of limitations. All parties agreed that
the fraud cause of action was subject to a four-year limitations period (3) and that the remaining
causes of action were governed by a two-year limitations period. (4) The parties disputed the time
at which the causes of action had accrued; Touche Ross contended that the causes accrued at the
time the shareholders received the notice of deficiency from the IRS, while the shareholders
argued that the causes accrued, at the earliest, when the tax court rendered judgment on the
deficiency.

 As an alternate ground for summary judgment, Touche Ross argued that the Texas
Business Corporation Act barred any claims by Colonial because the corporation had been
dissolved for more than three years before filing the petition. Touche Ross further argued that
the shareholders lacked the capacity to bring individual claims because the alleged causes of action
properly belonged to the corporation. Touche Ross urged that these two arguments, taken
together, warranted summary judgment in their favor as an alternative to the limitations defense.

 The district court granted summary judgment in favor of Touche Ross by a general
order, without specifying the grounds relied upon for the judgment. The shareholders now
complain that the judgment was erroneous.



DISCUSSION


 The shareholders complain that the trial court erred in granting summary judgment
on the basis of limitations. A defendant moving for summary judgment on the basis of an
affirmative defense must conclusively establish the facts pertaining to every element of the defense
and must also show that it is entitled to judgment as a matter of law. Tex. R. Civ. P 166a(c);
Munoz v. Gulf Oil Co., 693 S.W.2d 372, 373 (Tex. 1985); Brown v. KPMG Peat Marwick, 856
S.W.2d 742, 746 (Tex. App.--El Paso 1993, writ denied). The facts pertaining to Touche Ross's
limitations defense in this cause are undisputed; therefore, we need only decide whether the trial
court properly applied the law to the undisputed facts.

 The central issue in this appeal is the time at which the shareholders' alleged causes
of action accrued. A cause of action accrues when a party has suffered damage from a wrongful
act and can seek relief from a court of competent jurisdiction. Murray v. San Jacinto Agency,
Inc., 800 S.W.2d 826, 828 (Tex. 1990); Robinson v. Weaver, 550 S.W.2d 18, 19 (Tex. 1977);
Cook Consultants v. Larson, 700 S.W.2d 231, 237 (Tex. App.--Dallas 1985, writ ref'd n.r.e). 
In this case, the damage from alleged tax-accounting malpractice consists of additional tax
liability, as both parties agree. The key question is when Colonial suffered the damage of
increased taxes.

 The shareholders urge that the discovery rule (5) applies to their claims and operates
to remove them from the limitations bar. We need not decide whether the discovery rule applies
because it is not relevant to this appeal. The parties assert two different events upon which the
causes of action accrued: the notice of deficiency or the tax-court judgment. However, both
events provided notice of the tax deficiency proceedings. The issue in this appeal is not discovery
of the cause of action, it is the timing of legal injury to the shareholders. Touche Ross argues that
the limitations period began running at the earlier of the two forms of notice that the shareholders
received. Thus, even if applicable, the discovery rule would not toll the statute of limitations in
this cause.

 The shareholders argue that they only suffered damage once the tax court rendered
judgment against them for a deficiency; they contend that a notice of deficiency cannot constitute
damage for the purposes of limitations because a deficiency assessed by the IRS can be reversed
through administrative review or proceedings in the tax court. Touche Ross responds that the
shareholders misconstrue the type of damage required for a cause of action to accrue. Touche
Ross contends that the "legal injury rule" provides that a party has been damaged, for purposes
of limitations, when the party discovers a concrete and specific risk to an economic interest. See
Atkins v. Crosland, 417 S.W.2d 150, 153 (Tex. 1967). In this case, Touche Ross argues, the IRS
notice of deficiency apprised the shareholders of a substantial risk of increased tax liability for
Colonial, triggering the limitations period for malpractice based on the relevant tax advice. We
agree with Touche Ross.

 Under the legal injury rule, harm from a wrongful act that is lawful in itself arises
when the claimant becomes aware of a concrete economic risk to a protected legal interest; this
risk is considered "legal injury" for the purposes of limitations even though harm is not certain. 
See Atkins, 417 S.W.2d at 153. This Court has previously applied the legal injury rule in the
context of a professional malpractice case. See Zidell v. Bird, 692 S.W.2d 550 (Tex. App.--Austin
1985, no writ). Though Zidell involved a legal malpractice claim, we discussed the supreme
court's application of the legal injury rule in the seminal Atkins decision, which was a tax-accounting malpractice case. Id. at 557; see Atkins, 417 S.W.2d at 153. We noted that a cause
of action for tax-accounting malpractice accrues when the taxpayer receives a notice of deficiency
from the IRS. Zidell, 692 S.W.2d at 557. Two other courts of appeals have reached the same
conclusion, with no decisions to the contrary. Ponder v. Brice & Mankoff, 889 S.W.2d 637, 642
(Tex. App.--Houston [14th Dist.] 1994, writ denied); Hoover v. Gregory, 835 S.W.2d 668, 672
(Tex. App.--Dallas 1992, writ denied). 

 In a tax-accounting malpractice case, the IRS notice of deficiency satisfies the
definition of damage under the legal injury rule because it clearly informs the taxpayer that the
IRS will seek additional taxes, creating a specific and substantial risk that the taxpayer will
actually face additional tax liability. Atkins, 417 S.W.2d at 153; Zidell, 692 S.W.2d at 557. We
reject the shareholders' argument that harm occurs only upon a judgment of tax deficiency because
that approach requires certain harm in contravention of the legal injury rule's clear standard of
specific and concrete risk of harm. We reaffirm our prior determination in Zidell, approve the
reasoning of Ponder and Hoover, and hold that the shareholders' alleged causes of action accrued
when they received their notice of deficiency from the IRS.

 The shareholders argue that, even if their causes of action accrued upon receipt of
the notice of deficiency, the statute of limitations was tolled during the audit contest proceedings
under the holding of Hughes v. Mahaney & Higgins, 821 S.W.2d 154, 157 (Tex. 1991). We
disagree. In Hughes, the supreme court held that the statute of limitations for legal malpractice
would be tolled until the exhaustion of all appeals on the underlying claim only if the malpractice
occurred "in the prosecution or defense of a claim that results in litigation . . . ." Id. The
supreme court carefully worded this tolling rule to apply only to a specific class of legal
malpractice claims. We hold that the Hughes tolling rule is inapplicable to this accounting
malpractice action. Accord Ponder, 889 S.W.2d at 643-44; Hoover, 835 S.W.2d at 675-76.

 Accordingly, we hold that all of the shareholders' causes of action except fraud are
barred by limitations. The causes accrued upon receipt of the IRS notice of deficiency on June
11, 1987. The two-year limitations period expired on June 11, 1989. Because the shareholders
did not file suit until June 11, 1991, their causes of action subject to the two-year limitations
period are barred. The shareholders' fraud claims, however, are subject to a four-year limitations
period. Because the shareholders filed suit exactly four years after receipt of the notice of
deficiency, their actions for fraud are not barred by limitations.

 Touche Ross argues that the shareholders' fraud claims are nevertheless barred by
limitations because the shareholders received a preliminary copy of the IRS notice of deficiency
a short time before receiving the final, official notice. Touche Ross urges that the preliminary
notice sufficed to notify the shareholders of legal injury in the same manner as the official notice. 
We disagree. As discussed above, we hold that the formal IRS notice of deficiency triggers the
requisite concrete risk of tax liability for purposes of the legal injury rule. Prior awareness of IRS
activity, such as a preliminary notice of deficiency, informs the taxpayer of some risk, but the risk
is not sufficiently definite or concrete until the IRS has issued its formal notice of deficiency. As
a matter of policy, it is important that a taxpayer clearly know the time at which potential causes
of action involving tax liability accrue; the issuance of a formal notice of deficiency provides such
a clear date on which the taxpayer faces a concrete and specific risk of tax liability. Because the
trial court improperly held that the fraud cause of action was barred by limitations, we sustain the
shareholders' third point of error.

 Touche Ross argues that summary judgment on the fraud cause of action may also
be upheld on the ground that the shareholders' claims belong only to Colonial as a corporation,
and Colonial's claims are now barred because claims by a dissolved corporation must be brought
within three years after dissolution. See Tex. Bus. Corp. Act Ann. art. 7.12 (West Supp. 1995). 
The district court impliedly held that the shareholders did not have the capacity to sue as
individuals and that Colonial's corporate claims against Touche Ross were barred by the Business
Corporation Act. (6) The shareholders do not challenge the district court's ruling that Colonial's
claims are barred, but they assert that the individual shareholders have personal causes of action
for fraud because Touche Ross rendered tax advice to the individuals as well as the corporation.

 A shareholder may have a personal cause of action against a wrongdoer to a
corporation if the wrongdoer also violates a duty owed directly to the shareholder as an individual. 
Wingate v. Hajdik, 795 S.W.2d 717, 719 (Tex. 1990). In this case, the individual shareholders
alleged that Touche Ross undertook to advise them personally in addition to advising the
corporation. Whether Touche Ross actually undertook this representation is a question of fact. 
A movant for summary judgment has the burden of showing that no genuine issue of material fact
exists and that the movant is entitled to judgment as a matter of law. Nixon v. Mr. Property
Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985). In deciding whether there is a disputed
material fact issue precluding summary judgment, evidence favorable to the nonmovant will be
taken as true, every reasonable inference must be indulged in favor of the nonmovant, and any
doubts must be resolved in the nonmovant's favor. Id. 

 Our examination of the record in light of the standard of review set out above
discloses the existence of a factual dispute as to whether Touche Ross undertook to advise or
represent the shareholders as individuals. Given the existence of this material fact dispute, the
district court erred in granting summary judgment for Touche Ross on the individual shareholders'
fraud claims. We therefore sustain the shareholders' seventh point of error.



CONCLUSION


 The district court properly granted summary judgment in favor of Touche Ross on
the basis of limitations except with respect to the shareholders' alleged cause of action for fraud. 
The district court erred in granting summary judgment in favor of Touche Ross on the fraud cause
of action both on the basis of limitations and on the basis that the individual shareholders lacked
capacity to bring claims. The fraud claims are not time barred, and the record discloses a fact
dispute on the material question whether Touche Ross undertook to advise the individual
shareholders. We therefore affirm the district-court judgment in part and reverse in part and
remand the cause to the district court for further proceedings consistent with this opinion.



 

 Mack Kidd, Justice

Before Justices Powers, Aboussie and Kidd

Affirmed in Part; Reversed and Remanded in Part

Filed: November 22, 1995

Publish
1.   Louis Rochester and appellants Ray Hawkins and Thomas Murphy together owned
90% of Colonial's shares (30% each) and were the primary corporate decisionmakers
during the events relevant to this appeal. Rochester's interest in Colonial has now been
assumed by his bankruptcy estate, an appellant in this cause. Appellants Trudi Hestand
and Tracy Hawkins together owned the remaining portion of Colonial (10%). Hawkins-Rochester-Murphy, Inc. was formed upon the sale and dissolution of Colonial to receive
the sale proceeds and distribute them to the individual shareholders.
2.   The individual appellees were employees of Touche Ross at the time of the events
relevant to this appeal.
3.   Fraud claims are governed by the four-year limitations period in Tex. Civ. Prac. &
Rem. Code Ann. § 16.004 (West 1986). Williams v. Khalaf, 802 S.W.2d 651, 656-57 (Tex.
1990).
4.   Professional malpractice, whether characterized as negligence or breach of an
implied warranty of good and workmanlike conduct, is governed by the two-year
limitations period in Tex. Civ. Prac. & Rem. Code Ann. § 16.003 (West 1986). Willis v.
Maverick, 760 S.W.2d 642, 644 (Tex. 1988); Black v. Wills, 758 S.W.2d 809, 814 (Tex.
App.--Dallas 1988, no writ). The DTPA contains a separate two-year limitations provision. 
Tex. Bus. & Com. Code Ann. § 17.565 (West 1987).
5.   Under the discovery rule, a statute of limitations does not begin to run until the
claimant discovers or, in the exercise of reasonable diligence, should have discovered the
facts establishing a cause of action. Burns v. Thomas, 786 S.W.2d 266, 267 (Tex. 1990).
6.   Because the district court's order did not specify the grounds on which the court
granted summary judgment, we will uphold the summary judgment on appeal if any
theory advanced by the movant is meritorious. State Farm Fire & Casualty Co. v. S.S.,
858 S.W.2d 374, 380 (Tex. 1993).



 of fact. 
A movant for summary judgment has the burden of showing that no genuine issue of material fact
exists and that the movant is entitled to judgment as a matter of law. Nixon v. Mr. Property
Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985). In deciding whether there is a disputed
material fact issue precluding summary judgment, evidence favorable to the nonmovant will be
taken as true, every reasonable inference must be indulged in favor of the nonmovant, and any
doubts must be resolved in the nonmovant's favor. Id. 

 Our examination of the record in light of the standard of review set out above
discloses the existence of a factual dispute as to whether Touche Ross undertook to advise or
represent the shareholders as individuals. Given the existence of this material fact dispute, the
district court erred in granting summary judgment for Touche Ross on the individual shareholders'
fraud claims. We therefore sustain the shareholders' seventh point of error.



CONCLUSION


 The district court properly granted summary judgment in favor of T