Opinion issued December 4, 2008










     





In The
Court of Appeals
For The
First District of Texas




NO. 01-07-00364-CV




SPAN ENTERPRISES and PRAFUL AMIN, M.D., Appellants

V.

IVAN WOOD, Appellee




On Appeal from the 215th District Court
Harris County, Texas
Trial Court Cause No. 2006-09233


 

O P I N I O N

          Appellants, Span Enterprises and Praful Amin, M.D., appeal from a judgment
in favor of appellee, Ivan Wood. Span and Amin filed suit against Wood asserting
causes of action for breach of fiduciary duty, “Knowing Participation/Aiding and
Abetting” fraud, and “Knowing Participation/Aiding and Abetting” breach of
fiduciary duty. The trial court rendered summary judgment against Span and Amin. 
In three issues, Span and Amin contend the trial court erred by granting summary
judgment because (1) Span and Amin had an implied attorney-client relationship with
Wood; (2) Texas law recognizes a cause of action against a lawyer for aiding and
abetting a client’s breach of fiduciary duty; and (3) the claims were not barred by the
statute of limitations. We conclude there was no attorney-client relationship and
therefore no breach of fiduciary duty; there is no cause of action for aiding and
abetting a breach of fiduciary duty; and the remaining claim is barred by limitations. 
We affirm.
BackgroundIn 1999, Amin, the general partner of Span, met Robert Helms, the CEO of
Triumph Healthcare, L.L.P. Triumph was a start-up venture for which Helms was
trying to find private investors. Among the investors were friends of Amin, who
introduced Amin to Helms. Amin decided to invest $500,000. After months of
negotiations, Amin and Helms agreed that Amin would invest $200,000 and loan
Triumph an additional $300,000. The terms of the loan payback included two equal
installments due 24 and 36 months after closing. 
          Before this agreement was reduced to writing, Triumph sought counsel from
its attorney, Wood. Wood suggested that Triumph issue Amin “Series A Preferred
Partnership Units” instead of incurring $300,000 in debt in the form of a loan. Thus,
Amin’s $300,000 could be treated as an investment in Triumph rather than a debt. 
Amin understood that he would be paid back and end up with a 10 percent ownership
interest in Triumph. On August 10, 1999, Amin and Helms, on behalf of Triumph,
signed a “Preliminary Agreement.” The agreement stated that Triumph was to
incorporate the terms of the Preliminary Agreement “into the partnership documents.”
          When Wood drew up the partnership agreement, the terms of the guaranteed
payback that existed in the Preliminary Agreement were changed. First, the
partnership agreement required Amin to request “redemption” of his preferred
partnership units, rather than requiring Triumph to make the installment payments at
24 and 36 months. The partnership agreement also provided that each payment would
reduce Amin’s ownership. Unaware of these changes, Amin executed the partnership
agreement. 
          Later, Amin wished to substitute Span for Amin as a limited partner in
Triumph. To accomplish the substitution, a new partnership agreement was prepared. 
Amin asked Helms about his ownership interest in Triumph after seeing the new
agreement. Helms responded to Amin with a letter, telling him that the deal reached
in the Preliminary Agreement remained the deal. Helms told Amin that the
repayment of the $300,000 would not reduce his ownership interest and that the
preferred units would convert to common units on repayment. Amin asserted that
Wood had knowledge of Helm’s letter, including its contents and the circumstances
surrounding it, but Wood did not say anything to Amin.
          On February 13, 2002, Triumph exercised the redemption provisions of the
partnership agreement. This reduced Span’s interest in Triumph by approximately
four percent. On February 10, 2002, Span and Amin filed this suit against Wood,
asserting causes of action for breach of fiduciary duty, “Knowing
Participation/Aiding and Abetting” Triumph “in committing fraud,” and “Knowing
Participation/Aiding and Abetting” Triumph in “breaching fiduciary duties.”
          Wood moved for summary judgment on the grounds (1) he owed no fiduciary
duty to Span or Amin as a matter of law because no attorney-client relationship
existed and (2) the claims were barred by limitations. The trial court, in an
interlocutory order, granted the motion in part. The trial court found that there was
no attorney-client relationship as a matter of law, but denied Wood’s motion on the
limitations ground.
          In his second amended motion for summary judgment, Wood asserted the
following three grounds:
First, Plaintiff’s claims are barred by the two-year statute of limitations
for civil conspiracy claims.
 
Second, Plaintiffs’ allegations of “aiding and abetting” fraud would be
time-barred even under a four-year statute of limitations.
 
Finally, Texas does not recognize a cause of action against an attorney
for “aiding and abetting” his client’s alleged breach of fiduciary duties.

The trial court granted this motion, stating that “there is no cognizable cause of action
against an attorney for aiding and abetting his clients’ alleged breach of its fiduciary
duties.” The trial court alternatively granted the motion on the grounds of limitations.
Summary Judgment Standard of Review
          We review a trial court’s grant of summary judgment de novo. Valence
Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005). Traditional summary
judgment is proper only when the movant establishes that there is no genuine issue
of material fact and that the movant is entitled to judgment as a matter of law. Tex.
R. Civ. P. 166a(c). In reviewing a traditional summary judgment, we must indulge
every reasonable inference in favor of the nonmovant, take all evidence favorable to
the nonmovant as true, and resolve any doubts in favor of the nonmovant. Valence,
164 S.W.3d at 661. A defendant who moves for traditional summary judgment on the
plaintiff’s cause of action must conclusively disprove at least one element of the
plaintiff’s cause of action. Little v. Tex. Dep’t of Criminal Justice, 148 S.W.3d 374,
381 (Tex. 2004).   Attorney-Client Relationship
          In their second issue, Span and Amin assert the trial court erred by determining
no attorney-client relationship existed between Wood and them. Specifically, they
contend that the summary judgment evidence raises a fact question concerning
whether an attorney-client relationship was created by implication because (1) Wood
voluntarily accepted the task of incorporating the terms of the Preliminary Agreement
into the partnership agreement and (2) Span and Amin relied on Wood to “incorporate
the terms into the partnership agreement without changing them.”
          To support this position, Span and Amin rely on the Restatement (Third) of the
Law Governing Lawyers. Section 14 of the Restatement provides,
A relationship of client and lawyer arises when:
 
(1)a person manifests to a lawyer the person’s intent that the lawyer
provide legal services for the person; and either
 
(a)the lawyer manifests to the person consent to do so; or
 
(b)the lawyer fails to manifest lack of consent to do so, and
the lawyer knows or reasonably should know that the
person reasonably relies on the lawyer to provide the
services; or
 
(2)a tribunal with power to do so appoints the lawyer to provide the
services.

Restatement (Third) of the Law Governing Lawyers § 14 (2000). We note that
no Texas case has expressly adopted section 14 of the Restatement. However, courts
have recognized that an attorney-client relationship can arise by implication. See
Tanox, Inc. v. Akin, Gump, Strauss, Hauer & Feld, L.L.P., 105 S.W.3d 244, 254 (Tex.
App.—Houston [14th Dist.] 2003, pet. denied). An attorney-client relationship is a
contractual agreement that can be created by an express contract or implied from the
actions of the parties. Id. We must determine whether a contract can be implied
using an objective standard, looking at what the parties said and did, and we do not
consider their unstated, subjective beliefs. Id. Here, the summary judgment evidence
fails to raise a fact issue concerning the creation of an attorney-client relationship.
          Span and Amin contend that Amin “expressly manifested his intent that Baker
& Hostetler (specifically Wood) provide legal services on his behalf (i.e., the
incorporation of terms into the Triumph partnership agreement).” However, the only
evidence identified in support of this contention is Amin’s deposition testimony. 
Amin stated, 
Here’s the way I look at it. Mr. Helms and I put on a piece of paper an
understanding what our deal is. Now, he says the attorneys are going to
go put—incorporate this into partnership. If I cannot trust that, that
whoever the attorney is, is going to incorporate just that portion and not
change it without my permission, then I hold that attorney responsible.
. . . . Whether Mr. Wood or whoever was doing the work for the
company which I’m joining in it’s a safe thing for me to assume that
he’s going to—he’s working for me as well at that point.

Nothing in this testimony shows that Amin ever manifested an intent to Wood that
Wood provide legal services to Span or Amin or that Wood reasonably should have
known that Span and Amin relied on him to provide legal services. Amin’s unstated,
subjective beliefs do not give rise to an attorney-client relationship by implication. 
See Tanox, Inc., 105 S.W.3d at 254. As part of his summary judgment evidence,
Wood provided admissions by Span and Amin that in 1999 and 2000, during the
negotiations for joining Triumph, they did not know Wood was involved in drafting
the partnership documents, they never communicated with Wood, and they never
received legal services from Wood. We conclude the summary judgment evidence
does not raise a fact question concerning the existence of an attorney-client
relationship between Wood and Span and Amin.
          We overrule the second issue.   
“Aiding and Abetting” a Breach of Fiduciary Duty
          In their third issue, Span and Amin assert the trial court erred by granting
summary judgment on the ground that there is no cause of action for “aiding and
abetting” a breach of fiduciary duty. Because no attorney-client relationship existed,
Wood owed no fiduciary duty to Span and Amin. 
          Texas courts have refused “to expand Texas law to allow a non-client to bring
a cause of action for ‘aiding and abetting’ a breach of fiduciary duty, based upon the
rendition of legal advice to an alleged tortfeasor client.” Alpert v. Crain, Caton &
James, P.C., 178 S.W.3d 398, 407 (Tex. App.—Houston [1st Dist.] 2005, pet.
denied). In Alpert, the plaintiff’s case was dismissed after the defendant specially
excepted to the plaintiff’s petition for failure to plead a cause of action recognized
under Texas law. Id. at 402. The plaintiff refused to amend, and the trial court
dismissed. Id. This Court affirmed the trial court’s dismissal, noting that the facts
the plaintiff alleged in his petition “to support his claim of aiding and abetting a
breach of fiduciary duty occurred during [defendant’s] representation of [defendant’s
client].” Id. at 407. The plaintiff did not allege the defendant “committed any acts
or misrepresentation, independent of its representation of [its client], upon which he
justifiably relied.” Id. 
          Here, Span and Amin alleged that Wood committed a breach of fiduciary duty
towards them. We have already concluded that Wood did not have an attorney-client
relationship with Span and Amin and owed no fiduciary duty to them. Further, the
conduct on which Span and Amin assert they justifiably relied was not “independent
of [Wood’s] representation” of Triumph. A review of the factual allegations in the
petition show that Wood’s conduct made the basis of this suit is that he (1) “devised
the scheme” of issuing preferred partnership units in lieu of a regular debt obligation
and (2) failed to advise Span or Amin that they should have a lawyer review the
partnership agreement. Span and Amin specifically pleaded that Amin signed the
partnership agreement “[i]n reliance upon representations by Triumph.” Span and
Amin also pleaded that they acted in “reliance that Wood had done what he was
supposed to do,” by writing the partnership agreement in accordance with the terms
of the Preliminary Agreement. Because Wood’s actions were as Triumph’s attorney,
Wood’s conduct was not independent of his representation of his client. Accordingly,
we conclude that the trial court did not err by determining that Span and Amin failed
to plead a cognizable cause of action for aiding and abetting a breach of fiduciary
duty. See id. 
          We overrule Span and Amin’s third issue.
Limitations
          In their first issue, Span and Amin contend that the trial court erred by granting
summary judgment for Wood on the basis of limitations. Having upheld the trial
court’s summary judgment on the claims for breach of fiduciary duty and aiding and
abetting a breach of fiduciary duty, the only claim that remains is the claim for aiding
and abetting fraud. However, it is not settled whether “Knowing Participation/Aiding
and Abetting” fraud is a viable cause of action in Texas. See Shinn v. Allen, 984
S.W.2d 308, 310 (Tex. App.—Houston [1st Dist.] 1998, no pet.) (citing Juhl v.
Airington, 936 S.W.2d 640, 643 (Tex. 1996)). Even if there were a cause of action
for aiding and abetting fraud, we conclude it would be barred by limitations.          A defendant moving for summary judgment on the affirmative defense of
limitations has the burden to conclusively establish that defense. KPMG Peat
Marwick v. Harrison County Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex. 1999). 
Thus, Wood must (1) conclusively prove when the cause of action accrued and (2)
negate the discovery rule, if it applies, by proving as a matter of law that there is no
genuine issue of material fact about when Span and Amin discovered, or in the
exercise of reasonable diligence should have discovered, the nature of their injury. 
See id. 
          The general rule is that a cause of action accrues when a wrongful act causes
some legal injury, even when the fact of injury is not discovered until later, and even
if all of the resulting damages have not yet occurred. S.V. v. R.V., 933 S.W.2d 1, 4
(Tex. 1996). However, there are exceptions to the general rule that operate to defer
accrual and toll statutes of limitations. See Mellon Serv. Co. v. Touche Ross & Co.,
17 S.W.3d 432, 435–36 (Tex. App.—Houston [1st Dist.] 2000, no pet.). Limitations
may be tolled: (1) where a defendant has fraudulently concealed a plaintiff’s injury
and (2) where the nature of the injury is inherently undiscoverable, but may be
objectively verified. Id. at 436.
          On appeal, Span and Amin assert that their cause of action for aiding and
abetting fraud did not accrue until February 13, 2002, when Triumph redeemed the
preferred partnership units and reduced Span’s ownership interest in Triumph,
because that is when they incurred damages and could bring a cause of action for
those damages. 
          The summary judgment evidence is undisputed that the partnership agreement,
which did not comport with the terms of the Preliminary Agreement, was signed on
September 3, 1999. Span and Amin were aware or in the exercise of reasonable
diligence should have been aware of the fraud on that date. See In re Prudential Ins.
Co. of Am., 148 S.W.3d 124, 134 (Tex. 2004) (“[P]arties to a contract have an
obligation to protect themselves by reading what they sign.”) (quoting Thigpen v.
Locke, 363 S.W.2d 247, 253 (Tex. 1962)). Therefore, applying the general rule, the
claim is barred by limitations. 
          To support their position that their fraud cause of action did not accrue until
Triumph redeemed the partnership units, Span and Amin cite to Atkins v. Crosland,
417 S.W.2d 150 (Tex. 1967). In Atkins, the supreme court held that the cause of
action for accounting malpractice, under the facts of that case, did not accrue until the
Commissioner of Internal Revenue assessed a deficiency against the plaintiff. Atkins,
417 S.W.2d at 153. Span and Amin assert that, as in that case, the cause of action
here did not accrue until Triumph redeemed the preferred partnership units, depriving
them of an ownership interest in Triumph. However, in Atkins, the supreme court
also announced, “The general rule is that a cause of action sounding in tort accrues,
in the absence of a statute to the contrary or fraudulent concealment, when the tort is
committed. This rule obtains notwithstanding the fact of damages, or their extent, are
not ascertainable until a later date.” Id. (citations omitted). In addition, the supreme
court later noted, “No Texas court has read Atkins to hold that a cause of action for
faulty advice never accrues until the taxpayer receives a deficiency notice.” Murphy
v. Campbell, 964 S.W.2d 265, 271 (Tex. 1997). Rather, the court held that the
discovery rule applies to accounting malpractice cases and the cause of action accrues
“when the claimant knows or in the exercise of reasonable diligence should know of
the wrongful act resulting in injury.” Id. at 270. We see no reason that the general
rule should not apply in this case. Span and Amin were aware or, in the exercise of
reasonable diligence, should have been aware of the fraud when Amin signed the
partnership agreement that did not comport with the Preliminary Agreement. See id.;
Atkins, 417 S.W.2d at 153. 
          In the alternative, Span and Amin contend limitations should be tolled in this
case to defer the accrual of their fraud cause of action because (1) Wood’s failure to
disclose the changes in the partnership agreement was fraudulent concealment
because, as a fiduciary, Wood had a duty to speak; and (2) their injury was inherently
undiscoverable.
          We have already determined that Wood did not have an attorney-client
relationship with Span or Amin. Therefore, Wood owed no fiduciary duty. Further,
Span and Amin’s injuries were not inherently undiscoverable. When Amin signed
the partnership agreement in 1999 and again when Span was substituted as a partner
in 2000, the terms of the partnership agreement were not the same as the Preliminary
Agreement. Span and Amin could have discovered their injuries by reading the
partnership agreement. There is no evidence in the record to indicate that the injury
was inherently indiscoverable. We therefore conclude the trial court did not err by
granting summary judgment based on limitations. See J. M. Krupar Constr. Co., Inc.
v. Rosenberg, 95 S.W.3d 322, 333 (Tex. App.—Houston [1st Dist.] 2002, no pet.)
(affirming summary judgment where no evidence showed injury inherently
undiscoverable); see also Mauskar v. Hardgrove, No. 14-02-00756-CV, 2003 WL
21403464, at *4 (Tex. App.—Houston [14th Dist.] June 19, 2003, no pet.) (mem.
op.).
          We overrule Span and Amin’s first issue.
 
Conclusion
          We affirm the judgment of the trial court.
 

                                                             Elsa Alcala
                                                             Justice

Panel consists of Justices Taft, Keyes, and Alcala.