Appellants’ Motion for Rehearing
Denied; Dismissed; Memorandum Opinion of December 31, 2009, Withdrawn; Substitute
Memorandum Opinion filed March 11, 2010.



 



 

In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-09-00410-CV



 

brad hughes AND BAY
ARCHITECTS, INC., Appellants

V.

BAY AREA MONTESSORI HOUSE,
INC., Appellee

 



On Appeal from the 295th
District Court

Harris County, Texas

Trial Court Cause No. 2008-36863



 

SUBSTITUTE  MEMORANDUM OPINION[1]

This interlocutory appeal arises out of an architecture-malpractice
case. An architect and architectural firm sought dismissal of a school’s claims
against them on the basis that the claimant failed to comply with the
certificate-of-merit statute.  The trial court denied their motion to dismiss
without stating the basis for the denial.  In a single issue, the architect and
architectural firm assert that the trial court incorrectly applied section
150.002 of the Texas Civil Practice and Remedies Code because the affidavit
filed by the claimant allegedly did not contain a mandatory element.  Because
the claimant’s cause of action accrued before the legislature amended the
certificate-of-merit statute to permit an interlocutory appeal from the denial
of a motion to dismiss, this court lacks jurisdiction to consider this appeal.

Factual and Procedural Background

In 2003, appellee Bay Area Montessori House, Inc.
(the “School”) contracted with Pinnacle Construction Industries, Inc. to design
and construct an addition to the School’s building.  Pinnacle contracted with appellants
Bay Architects, Inc. and Brad Hughes (collectively, the “Architects”) to assist
with the design of the project and to prepare the plans and specifications for
the project.  The Architects included an elevator in the design.  The School
alleges that the Architects negligently specified an elevator and elevator
shaft in the construction plans that did not comply with the requirements of
the Texas Accessibility Standards (“TAS”) or the Americans with Disabilities
Act (“ADA”).  These plans were completed sometime prior to construction, which took
place from June 2003 to September 2004.  Evidence submitted by the School shows
that, by September 1, 2004, the School knew that the elevator and elevator
shaft specified by the Architects was not compliant.  Evidence submitted by the
Architects indicates that the School may have made this discovery in 2003.  In
any event, the School discovered this noncompliance no later than September 1,
2004.

The School initially sued the Architects for negligence
in November 2005.  However, the parties entered into a tolling agreement under
which the School dismissed its claims without prejudice.  The School then
pursued a variance that would allow it to use the elevator shaft that had been
built.  The School alleges that this variance request was partially granted,
but that, even under the variance that was granted, the elevator shaft still would
have to be enlarged.  The School filed suit against the Architects again in
June 2008.  

In March 2009, the Architects filed a motion to
dismiss under the certificate-of- merit statute, alleging that the affidavit
included with the School’s petition did not contain the elements required by
section 150.002(a) of the Texas Civil Practice and Remedies Code.  The following
month, the trial court denied the Architects’ motion to dismiss.

Appellate Jurisdiction

The Architects seek to appeal from an
interlocutory order; however, interlocutory orders are not appealable unless
explicitly made so by statute.  Stary v. DeBord, 967 S.W.2d 352, 352–53
(Tex. 1998).  When construing a statute that establishes appellate
jurisdiction, this court cannot expand its jurisdiction beyond that conferred
by the legislature.  Jani-King of Memphis, Inc. v. Yates, 965 S.W.2d
665, 668 (Tex. App.—Houston [14th Dist.] 1998, no pet.).   The only statute
that might provide the Architects with an interlocutory appeal in this case is
Chapter 150 of the Texas Civil Practice and Remedies Code.  However, the original version of this statute
did not provide for an interlocutory appeal from a trial court’s denial of a
motion to dismiss for failure to comply with Chapter 150.  See Act of
June 2, 2003, 78th Leg., R.S., ch. 204, § 20.01, 2003 Tex. Gen. Laws 847,
896–97 (amended 2005, 2009).  The 2009 amendments to Chapter 150 apply “only to
an action or arbitration filed or commenced on or after the effective date of
this Act [September 1, 2009].” Act of May 29, 2009, 81st Leg., R.S., ch. 789,
§§ 3,4 2009 Tex. Sess. Law Serv., Ch. 789 (S.B. 1201).  The action in this case
was filed before September 1, 2009.  The 2005 amendments to Chapter 150 that
provide for an interlocutory appeal apply “only to a cause of action that
accrues on or after the effective date of this Act [September 1, 2005].”  Act
of May 18, 2005, 79th Leg., R.S., §§ 4,5 ch. 208, 2005 Tex. Gen. Laws 369,
370.  Therefore, we have appellate jurisdiction in this case only if the School’s
cause of action accrued on or after September 1, 2005.

Accrual of Cause of Action

The determination of when a cause of action accrues
is a legal question.  See Moreno v. Sterling Drug, Inc., 787 S.W.2d 348,
351 (Tex. 1990).  Generally, a cause of action accrues and the statute of
limitations begins to run when facts come into existence that authorize a claimant
to seek a judicial remedy.  Provident Life & Accident Ins. Co. v. Knott,
128 S.W.3d 211, 221 (Tex. 2003); see also Apex Towing Co. v. Tolin, 41
S.W.3d 118, 120 (Tex. 2001).  This principle applies even if all resulting
damages have not yet occurred.  S.V. v. R.V., 933 S.W.2d 1, 4 (Tex. 1996). 
In cases involving allegedly faulty professional advice, the claimant suffers
legal injury when the advice is taken.  Murphy v. Campbell, 964 S.W.2d
265, 270 (Tex. 1997).  Thus, under the School’s negligence cause of action, the
School suffered legal injury when the addition was constructed based upon the Architects’
allegedly faulty plans.  See id.  Presuming that the discovery rule applies,
then the School’s cause of action accrued when the School knew or in the
exercise of ordinary diligence should have known of the Architects’ alleged negligence
and the alleged injury resulting therefrom.[2] 
See id. at 271.  By September 1, 2004, all of the following had
occurred: (1) the Architects had provided the plans in which they allegedly
specified an elevator and elevator shaft that did not comply with the
requirements of the TAS or the ADA, which the School alleges was negligence; (2)
the elevator shaft had been constructed, allegedly based upon those plans; (3) the
School had discovered the bases upon which it alleges that the Architects were
negligent in preparing the plans, as well as the injury that is alleged to have
resulted when the elevator shaft was constructed, allegedly based upon the
Architects’ plans.[3] 
Therefore, we conclude that the School’s cause of action accrued no later than
September 1, 2004.  

The Architects assert that there was no “legal
injury” in this case until the School’s request for a variance was denied in
2007.  However, we conclude that the alleged reliance upon the Architects’ plans
to construct the elevator shaft is a sufficient legal injury.[4] 
See id. at 271, 273.  

Conclusion

Even if the discovery rule applies, the School’s
cause of action accrued no later than September 1, 2004.  Because the cause of
action accrued before September 1, 2005, the version of Chapter 150 effective
before this date applies to this case.  See Act of May 18, 2005, 79th
Leg., R.S., §§ 4, 5, ch. 208, 2005 Tex. Gen. Laws 369, 370.  This version does
not provide for an interlocutory appeal from the denial of a motion to dismiss
under Chapter 150.  See Act of 2003, 78th Leg. R.S., ch. 204, § 20.01,
2003 Tex. Gen. Laws 896, 897 (amended 2005, 2009).  Accordingly, we lack appellate
jurisdiction, and we dismiss this appeal. 

 

                                                                                    

                                                                        /s/        Kem
Thompson Frost

                                                                                    Justice

 

 

Panel
consists of Justices Yates, Frost, and Brown.









[1]
The motion for rehearing filed by appellants
Brad Hughes and Bay Architects, Inc. is overruled.  The court’s memorandum opinion issued
December 31, 2009, is withdrawn, and this substitute memorandum opinion is
issued in its place. 

 





[2]
The Architects assert that the Supreme Court of Texas’s opinion in Murphy conflicts
with its opinion in Atkins v. Crosland, 417 S.W.2d 150, 153–54 (Tex.
1967).  However, even if there is such a conflict, the Murphy court
described the holding in Atkins and relied upon this holding in reaching
the result in Murphy.  See Murphy, 964 S.W.2d at 271–72.  Therefore,
if there is any conflict, we are bound by Murphy.  The Architects also
cite Johnson & Higgins of Texas, Inc. v. Kenneco Energy, Inc., 962
S.W.2d 507, 515 (Tex. 1998).  However, the court in that case distinguished Atkins,
and it did not mention Murphy.  See Johnson & Higgins of Tex., Inc.,
962 S.W.2d at 515.  





[3]
Because no special exceptions were sustained against the School’s petition,
this court must construe that petition liberally in the School’s favor to
contain any allegation that reasonably may be inferred from the language used
in the petition.  See In re K.A.R., 171 S.W.3d 705, 711 (Tex.
App.—Houston [14th Dist.] 2005, no pet.).  Under this construction, the School
alleges that the elevator shaft was constructed based upon the Architects’
plans, in which the Architects allegedly specified an elevator and elevator
shaft that did not comply with the requirements of the TAS or the ADA, which
the School alleges was negligence.  See id.





[4]
The Architects assert several arguments in which they attack the merits of the
School’s cause of action.  These arguments are not relevant to the issue at
hand.  We presume for the purposes of our analysis that the School’s cause of
action has merit, and we inquire as to when this cause of action accrued.