Carl POTTER, et al., Appellants,

v.

KAUFMAN & BROAD HOME SYSTEMS OF TEXAS, INC.,[1] et al., Appellees.

No. 04–03–00169–CV.

Court of Appeals of Texas, San Antonio.

April 28, 2004.

---

1. In addition to Kaufman & Broad Home Systems of Texas, Inc., the Potters sued Kaufman & Broad Home Systems, Inc., Browning Ferris Industries, Inc., Alamo Waste, Inc., Rayco, Inc., Waste Management, Inc., Texas Waste Systems, Inc., Waste Management of Texas, Inc., Gilbert Texas Construction, L.P., and Gilbert Texas Corp. Their first amended petition added Kaufman & Broad of Texas, Ltd., Central Park Mall, Inc., Ingram Park Mall, L.P., CF Jordan Residential, L.P., and CF Jordan Residential Inc. Both Rayco, Inc. and Texas Waste Systems, Inc. failed to enter an appearance or join in the motion for summary judgment which is the subject of this appeal. The Potters' suit against these two companies was severed from their suit against the remainder of the defendants following the trial court's granting of the motion for summary judgment. For that reason, Rayco, Inc. and Texas Waste Systems, Inc., are not parties to this appeal; we refer to the remaining defendants as Kaufman throughout this opinion.

Daniel R. Rutherford, Rutherford Rutherford & Bettersworth, P.L.L.C., San Antonio, for appellants.

Erin McNiece Strimple, David P. Benjamin, O'Connell & Benjamin, L.L.P., Robert L. Soza, Jenkens & Gilchrist, P.C., Robert J. Perez, Shelton & Valadez, P.C., Todd A. Prins, Law Office of Todd A. Prins, San Antonio, J. Morgan Broaddus, III, Harrel L. Davis, III, Krafsur Gordon Mott, P.C., El Paso, James Campbell Kean, Benthul, Kean & Woodruff, L.L.P., Houston, for appellees.

Sitting: ALMA L. LÓPEZ, Chief Justice, CATHERINE STONE, Justice, and PAUL W. GREEN, Justice.

## OPINION

Opinion by PAUL W. GREEN, Justice.

This appeal arises from a "sham recycling" case. Appellants Carl Potter, Chris

Potter and C & K Materials ("Potters") filed suit against several defendants, including appellee Kaufman & Broad Home Systems of Texas, Inc. ("Kaufman"), seeking reimbursement for fines and cleanup costs associated with an order issued against the Potters by the Texas Commission on Environmental Quality ("TCEQ").[2] Kaufman and the other defendants filed a motion for summary judgment, contending that there were no genuine issues of material fact and that the applicable statutes of limitations on the Potters' causes of action had run. Kaufman also argued that the Potters had no viable claim under Texas Health & Safety Code § 361.344 because they failed to comply with the code's prerequisites. The trial court granted the defendants' motion for summary judgment, from which action the Potters now appeal.

## BACKGROUND

Beginning in 1980, appellants Carl Potter, Chris Potter, and C & K Materials owned and operated a recycling facility ("Easterling Road facility"). The appellees in this case, including Kaufman, deposited waste at the facility. The Potters were allegedly responsible for disposing of the waste.

In 1982, the Potters were investigated by the Texas Department of Health and cited for the unauthorized disposal of municipal solid waste at the Easterling facility. In 1992, the Potters were again investigated and cited for the unauthorized disposal of municipal solid waste deposited at the Easterling site, this time by the

Texas Water Commission. Following the second citation, Carl Potter filed an affidavit with the Bexar County Clerk, stating that the unauthorized disposal of waste at the Easterling facility would cease.

In May of 1995, the Texas Natural Resource Conservation Commission ("TNRCC") conducted another inspection of the Easterling facility. In spite of Potter's affidavit, the site was still in violation of applicable regulations. On July 18, 1995, the TNRCC notified the Potters of these violations, which included (a) operation of an unauthorized municipal solid waste landfill without a permit; (b) storage, processing, and/or disposal of municipal solid waste at an unauthorized facility; and (c) unauthorized burning of municipal solid waste. Although the TNRCC notified the Potters in 1995, the Agreed Final Order regarding these violations was not signed by both parties until September of 1999.[3]

On September 27, 2001, the Potters filed suit for "contribution activity"[4] against Kaufman and the other companies who had deposited waste at the Easterling facility. The Potters' petition stated that they were not aware of the prohibited waste left at their facility by the defendants. The companies collectively[5] filed a traditional motion for summary judgment, alleging that there were no genuine issues of material fact, that the applicable statutes of limitation had run on the Potters' claims, and that the Potters had no viable

2. The Texas Commission on Environmental Quality was formerly the Texas Natural Resource Conservation Commission ("TNRCC"). It was as the TNRCC that the Commission issued the citations which are the subject of this appeal.

3. The signed order affirms the fact that the Potters were aware of their violations "on or about July 18, 1995."

4. Among the Potters' alleged causes of action were negligence, breach of contract, tortious breach of contract, and fraud.

5. As stated above, neither Rayco, Inc. nor Texas Waste Systems, Inc. was a party to the motion for summary judgment.

claims under Texas Health & Safety Code § 361.344 because they had failed to comply with statutory requirements. Following the filing of the Potters' response to the motion for summary judgment, the trial court found in favor of the defendants. The Potters now appeal the trial court's decision in two issues.

### STATUTE OF LIMITATIONS

In their first issue, the Potters contend the trial court erred in granting summary judgment in favor of the defendants because the Potters filed suit within the time period proscribed by the applicable statutes of limitations.

### Standard of Review

The standard for reviewing a summary judgment under Texas Rule of Civil Procedure 166a(c) is whether the successful movant at the trial level carried its burden of showing that there is no genuine issue of material fact and that judgment should be granted as a matter of law. *KPMG Peat Marwick v. Harrison County Housing Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex.1985); *Booker v. Real Homes, Inc.*, 103 S.W.3d 487, 491 (Tex.App.-San Antonio 2003, pet. denied). We view the evidence and its reasonable inferences in the light most favorable to the nonmovant. *KPMG Peat Marwick,* 988 S.W.2d at 748; *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.,* 391 S.W.2d 41, 47 (Tex.1965).

In a motion for summary judgment based upon a statute of limitations, the burden is on the movant to establish as a matter of law that the applicable statute of limitations bars the action. *KPMG Peat Marwick,* 988 S.W.2d at 748. The movant must conclusively establish all elements of the affirmative defense of limitations, leaving no genuine issue of material fact. *Id.; Booker,* 103 S.W.3d at 491. A defendant seeking summary judgment based on the statute of limitations must prove when the cause of action accrued and must negate the discovery rule by proving as a matter of law that there is no genuine issue of fact about when the plaintiff discovered or should have discovered the nature of the injury. *Burns v. Thomas,* 786 S.W.2d 266, 267 (Tex.1990); *Booker,* 103 S.W.3d at 491.

### Accrual of the Potters' Causes of Action

Under the legal injury rule, a cause of action generally accrues, and the statute of limitations begins to run, when a wrongful act causes an injury, regardless of when the plaintiff learns of the injury. *S.V. v. R.V.,* 933 S.W.2d 1, 4 (Tex.1996); *Moreno v. Sterling Drug, Inc.,* 787 S.W.2d 348, 351 (Tex.1990); *Booker,* 103 S.W.3d at 491. This is true even if all resulting damages have not yet occurred. *S.V.,* 933 S.W.2d at 4. A party need only be aware of enough facts to apprise him of his right to seek judicial remedy. *See Murray v. San Jacinto Agency, Inc.,* 800 S.W.2d 826, 828 (Tex.1990).

There are, however, exceptions to this rule. The discovery rule, for example, applies where the plaintiff did not and could not know of his injury at the time it occurs. *Moreno,* 787 S.W.2d at 351. When applicable, the discovery rule tolls the running of the statute until the plaintiff discovers, or through the exercise of reasonable care and diligence should discover, the nature of his injury. *Id.; Booker,* 103 S.W.3d at 491–92. Limitations begin to run when the plaintiffs knew or should have known of the facts giving rise to their cause of action not when the full extent of the damage is known. *Booker,* 103 S.W.3d at 492.

Although the Potters received notice of their violations from the TNRCC on July 19, 1995, following the inspection of the

Easterling facility, the final order assessing fines and the submission of a cleanup plan was not signed by both parties until December 1, 1999. On appeal, the Potters argue the statute of limitations did not begin to run until the latter date because there was no way for them to have known nor should they have known exactly what fines would be levied against them or what remedial action would be proscribed by the TNRCC. The Potters cite the case of *Atkins v. Crosland,* 417 S.W.2d 150, 153 (Tex.1967) in support of their position.

In *Atkins,* Roy D. Atkins filed suit against Robert E. Crosland for accounting malpractice, alleging that Crosland's method of accounting in the preparation of Atkins's tax returns was negligent and increased his liability. *Id.* at 152. Crosland filed a motion for summary judgment claiming that Atkins had filed his suit after the statute of limitations had run; the trial court granted this motion. Atkins appealed, arguing that the statute of limitations did not begin to run until the excess taxes caused by Crosland's negligence were assessed against him by the Internal Revenue Service. *Id.* The court reiterated the legal injury rule, finding the IRS's assessment, not Crosland's use of a negligent accounting method, to be the factor "essential to consummate the wrong." *Id.* at 153. The court stated: "If a deficiency had never been assessed, the plaintiff would not have been harmed and therefore would have had no cause of action." *Id.* The Potters rely on *Atkins* for the premise that an official assessment of their damages is needed to trigger the running of the statute of limitations because this is when the legal harm against them occurred.

The Texas Supreme Court, however, has clarified its holding in *Atkins* in such a way as to refute the Potters' position. In *Murphy v. Campbell,* another accounting malpractice case, the Court rejected the plaintiffs' argument that the final tax assessment marked the running of the statute of limitations. 964 S.W.2d 265, 271 (Tex.1997). Specifically mentioning *Atkins,* the Court stated that, under the discovery rule, such an action accrues not when the injury becomes certain but when the claimant *should know* of his injury. *Id. (emphasis added).*

■ In the case at hand, the Potters were aware of the violations, and therefore of the existence of the injury caused by the violations, on the day they received notice from the TNRCC, July 18, 1995. Although the Potters did not know the exact fines assessed against them or the extent of the necessary remedial action, they knew or should have known of the alleged wrongs committed against them by the defendants at the point they first received notice from the TNRCC. *See id.; Booker,* 103 S.W.3d at 492. The statute of limitations, then, accrued on this day.

### Application of Specific Statutes of Limitations to the Potters' Claims

Negligence, tortious breach of contract, and common law contribution claims must be brought no later than "two years from the date the cause of action accrues." Tex. Civ. Prac. & Rem.Code Ann. § 16.003(a)(Vernon 2002). As stated above, the Potters' cause of action accrued on July 18, 1995, but they failed to file their suit until September 27, 2001. Therefore, the Potters' claims of tortious conduct against Kaufman and the other defendants are barred by the applicable two-year statute of limitations.

Claims sounding in either breach of contract or fraud must be brought within four years of the accrual date. Tex. Civ. Prac. & Rem.Code Ann. §§ 16.004(a); 16.051(Vernon 2002). Again, the limitations for any alleged breach of contract or fraud began to run in 1995. Because the Potters did

not file suit until 2001, more than six years after their cause of action had accrued, their breach of contract and fraud claims are barred by the applicable statutes. The trial court did not err in granting summary judgment in favor of Kaufman and the other defendants. We overrule the Potters' first issue.

### TEXAS HEALTH AND SAFETY CODE

When a movant asserts multiple grounds for summary judgment, and the order, as here, does not state the theory upon which the trial court based its decision, the non-movant on appeal must negate any grounds on which the trial court could have granted the order. *See Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex.1970); *Villanueva v. Gonzalez*, 123 S.W.3d 461, 464 (Tex.App.-San Antonio 2003, no pet.). Otherwise, we will affirm the summary judgment if any one of the theories advanced is meritorious. *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex.1989). Because we have not found the Potters' statute of limitations argument to be persuasive, we need not address their second issue.

The judgment of the trial court is affirmed.