NO. 07-03-0365-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

FEBRUARY 3, 2005

_____

PAIGE EVERETT, APPELLANT

V.

BRITT BOSTICK, D.D.S., APPELLEE

_____

FROM THE 237TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2002-516,510; HONORABLE SAM MEDINA, JUDGE

_____

Before QUINN and REAVIS, JJ. and BOYD, S.J.[1]

**MEMORANDUM OPINION**

Appellant Paige Everett presents four issues challenging the trial court's judgment that she take nothing on her health care liability claim brought against appellee Britt

------------------------

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

Bostick, D.D.S.[2]  Everett contends (1) application of the statute of limitations was unconstitutional; (2) a fact issue exists as to whether she knew of her cause of action within the limitations period; (3) a fact issue exists as to the reasonableness of her delay in filing suit; and (4) a fact issue exists as to whether there was fraudulent concealment on the part of Bostick.  We affirm.

On June 15, 1999, Dr. Bostick applied porcelain veneers on numbers 6 to 11 (maxillary canine to maxillary canine) of Everett's teeth.  After that procedure, she began to experience chronic bleeding.  On July 25, 2000, and on December 14, 2000 she was examined by Dr. Bostick; he did not, however, inform her that the veneers were the cause of her chronic bleeding.  Doctor Carlos Freymann examined Everett on March 12, 2001, and at that time she suspected that placement of the veneers was causing her problems.  Doctor Freymann concluded in his written report that Everett's problems were caused by the veneers.

Everett was also examined by Dr. Stephen Bass on March 26, 2001, and he referred her to Dr. J. Christian Miller for a second opinion on that same date.  According to Dr. Bass's written report to Dr. Miller, the veneers were poorly contoured and had possible overhanging margins creating persistent inflamation.  On April 9, 2001, Dr. Miller provided

---

[2]Everett does not present a general contention that the trial court erred in granting summary judgment which limits review to the issues raised rather than considering all grounds upon which summary judgment should have been denied.  *See* Malooly Brothers, Inc. v. Napier, 461 S.W.2d 119, 121 (Tex. 1970).

Everett with a written report and recommended a course of action which included the removal of the veneers placed into position by Dr. Bostick. On April 26, 2001, Everett consulted Dr. James William Robbins and began a course of treatment including surgeries and crown work to correct the problem caused by the veneers.

Pursuant to section 4.01 of the Texas Medical Liability and Insurance Improvement Act,[3] on October 3, 2001, more than two years after the veneers were applied, Dr. Bostick was notified in writing that Everett was asserting a health care liability claim. The notice of intent to file suit provided, among other things, that Everett "began to have gum difficulties and in the spring of this year, it was determined that the veneers were causing those problems." However, instead of filing suit within two years of the June 15, 1999 surgery, Everett did not do so until January 15, 2002.

Following his answer, Dr. Bostick filed a traditional motion for summary judgment on the sole ground that the two year statute of limitations barred Everett's action. After a hearing, the trial court signed a judgment granting Dr. Bostick's motion and ordering that Everett take nothing.

---

[3]*See* former Tex. Rev. Civ. Stat. Ann. art. 4590i, now codified at Tex. Civ. Prac. & Rem. Code Ann. §§ 74.001 - 74.507 (Vernon Pamph. Supp. 2004-05). *See also* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.01, 2003 Tex. Gen. Laws 864, 866.

## Standard of Review

In reviewing a summary judgment, this Court must apply the standards established in Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985):

> 1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

> 2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

> 3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

For a party to prevail on a motion for summary judgment, he must conclusively establish the absence of any genuine question of material fact and that he is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). A movant must either prove all essential elements of his claim, MMP, Ltd. v. Jones, 710 S.W.2d 59 (Tex. 1986), or negate at least one essential element of the non-movant's cause of action. Randall's Food Markets, Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995). Once the movant has established a right to summary judgment, the non-movant has the burden to respond to the motion for summary judgment and present to the trial court any issues that would preclude summary judgment. City of Houston v. Clear Creek Basin Authority, 589 S.W.2d 671, 678 (Tex. 1979); Barbouti v. Hearst Corp., 927 S.W.2d 37, 64 (Tex.App.--Houston [1st Dist.] 1996, writ denied).

4

Issues which the non-movant contends preclude the granting of a summary judgment must be expressly presented to the trial court by written answer or other written response to the motion and not by mere reference to summary judgment evidence. McConnell v. Southside School Dist., 858 S.W.2d 337, 341 (Tex. 1993). Issues not expressly presented to the trial court in writing shall not be considered on appeal as grounds for reversal. Tex. R. Civ. P. 166a(c).

We address Everett's contentions in a logical rather than sequential order. By her fourth issue, Everett contends a fact issue exists as to whether there was fraudulent concealment on Dr. Bostick's part. We disagree.

An issue which Everett claims barred the granting of summary judgment was required to be presented to the trial court in writing and if not raised, may not be considered on appeal as grounds for reversal. Tex. R. Civ. P. 166a(c); McConnell, 858 S.W.2d at 341. Everett did not raise fraudulent concealment below in response to Dr. Bostick's amended motion for summary judgment. Thus, her fourth issue was not preserved for review.

By her second issue, Everett contends Dr. Bostick did not negate the fact issue as to whether or not she knew or should have known about her cause of action within the applicable limitations period. We disagree.

Health care liability claims filed prior to September 1, 2003, are governed by article 4590i of the Texas Medical Liability and Insurance Improvement Act.[4] The Act provides that suit be brought within two years of the occurrence of the breach or tort or the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed. Art. 4590i, § 10.01. When the precise date of the negligence can be ascertained, limitations begins to run on that date and subsequent treatment is immaterial. Husain v. Khatib, 964 S.W.2d 918, 919 (Tex. 1998). Because the date the veneers were applied, *i.e.*, June 15, 1999, was ascertainable, the period for limitations began to run on that date and Everett was required to file suit by June 15, 2001, unless she could establish that the limitations period had been tolled. *See* Borderlon v. Peck, 661 S.W.2d 907, 909 (Tex. 1983).

When a cause of action accrues is a question of law. Willis v. Maverick, 760 S.W.2d 642, 644 (Tex. 1988). A cause of action accrues when a wrongful act causes some legal injury, even if the fact of injury is not discovered until later, and even if all resulting damages have not yet occurred. S.V. v. R.V., 933 S.W.2d 1, 4 (Tex. 1996); Moreno v. Sterling Drug, Inc., 787 S.W.2d 348, 351 (Tex. 1990). A cause of action generally accrues when facts come into existence which authorize a claimant to seek a judicial remedy. *See* Murray v. San Jacinto Agency, Inc., 800 S.W.2d 826, 828 (Tex. 1990).

---

[4]Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 23.02(d), 2003 Tex. Gen. Laws 864, 899.

6

By the section 4.01 notice letter, among other things, Everett noted that in the spring of 2001, she learned that poorly contoured veneers had caused her problems. Moreover, by her affidavit of November 22, 2002, she acknowledged she had chronic bleeding problems and suspected as early as March 12, 2001, that placement of the veneers was causing her problems. Further, by his letter of April 9, 2001, Dr. Miller informed Everett that in his opinion, the veneers should be removed. Considering the summary judgment evidence and the fact that fraudulent concealment was not preserved for review, we hold that Everett was aware of sufficient facts to apprise her of her right to seek a judicial remedy as early as April 9, 2001. *Id*. at 828; Potter Kaufman & Broad Home Sys. of Tex., 137 S.W.3d 701, 705 (Tex.App.--San Antonio 2004, no pet.). *See generally* Sullivan v. Bickel & Brewer, 943 S.W.2d 477, 483 (Tex.App.--Dallas 1995, writ denied) (concluding that the plaintiff was aware of enough facts to apprise him of his right to seek a judicial remedy). Issue two is overruled.

By her first issue, Everett contends that application of the statute of limitations in this instance is unconstitutional, and by her third issue, asserts a fact issue exists as to the reasonableness of her delay in filing suit. Because both issues implicate the open courts provision of the Texas Constitution,[5] we will consider them simultaneously.

---

[5]The open courts provision provides in part: "[a]ll courts shall be open, and every person for an injury be done him . . . shall have remedy by due course of law." Tex. Const. art. I, § 13.

To reiterate, appellate review of fraudulent concealment is not available, as early as April 9, 2001, Everett had notice of enough facts to authorize her to seek a judicial remedy, and section 10.01 of article 4590i establishes an absolute two year statute of limitations for health care liability claims thereby abolishing the discovery rule. *See* Diaz v. Westphal, 941 S.W.2d 96, 97-98 (Tex. 1997). In Neagle v. Nelson, 685 S.W.2d 11 (Tex. 1985), Dr. Nelson performed an appendectomy on Neagle on December 9, 1977. Neagle was last examined a few weeks after the surgery. In January 1980, more than two years after the surgery, Neagle was admitted to the hospital for exploratory surgery after feeling a mass in his abdomen. A surgical sponge was discovered in his abdomen which he alleged was impossible for him to discover until more than two years after the appendectomy. Neagle argued that as applied to his claim, section 10.01 of the Act violated the open courts provision of the Texas Constitution. Agreeing, the Court held that the open courts provision of the Constitution protected Neagle from legislative acts that abridged his right to sue before he had a reasonable opportunity to discover the wrong and bring suit. *Id*. at 12. In Hellman v. Mateo, 772 S.W.2d 64, 66 (Tex. 1989), the Court held that in order to challenge the constitutionality of article 4590i, the plaintiff was required to allege that application of the two year limitations statute cut off her cause of action before she knew or should have known that a cause of action existed.

Here, however, because Everett had notice of sufficient facts to apprise her of her right to seek a judicial remedy on April 9, 2001, she had at least 66 days before the expiration of the two year limitations period in which to initiate her claim. Accordingly,

because fraudulent concealment is not presented and the discovery rule did not survive enactment of the Medical Liability and Insurance Improvement Act, we hold that Everett's knowledge as of April 9, 2001, bars her open court's challenge. Issue one is overruled.

We have not overlooked Everett's third issue by which she contends a fact issue exists as to the reasonableness of her delay in filing suit; however, our resolution of that issue is not controlling. The reasonableness of delay in filing suit may be a fact question in cases where an open courts challenge is appropriate. De Ruy v. Garza, 995 S.W.2d 748, 753 (Tex.App.--San Antonio 1999, no pet.). Our disposition of issue one, however, pretermits a discussion of issue three.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

9