

Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

★ ★ ★      ★ ★ ★

# MEMORANDUM OPINION

No. 04-08-00509-CV

**POLK MECHANICAL COMPANY, LLC**,
Appellant

v.

Roy **JONES**,
Appellee

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 2006-CI-05584
Honorable Joe Frazier Brown Jr., Judge Presiding

Opinion by:    Steven C. Hilbig, Justice

Sitting:      Sandee Bryan Marion, Justice
           Steven C. Hilbig, Justice
           Marialyn Barnard, Justice

Delivered and Filed:    July 1, 2009

REVERSED AND REMANDED

Polk Mechanical Company, LLC appeals a summary judgment granted in favor of Roy Jones.

The trial court concluded Polk Mechanical's claim against Jones was barred by limitations, but found

genuine issues of material fact existed on all other grounds raised in Jones's motion for summary

judgment. On appeal, Polk Mechanical contends the trial court erred in granting summary judgment

based on limitations, but properly denied summary judgment on the other grounds raised by Jones.

Jones argues the summary judgment was proper as to limitations, and the trial court erred in denying his motion for summary judgment on the basis of standing. We reverse the trial court's judgment and remand the cause for further proceedings.

## BACKGROUND

In August 2002, Capstone Corporation agreed to issue a subcontract to Encompass Mechanical Services for plumbing, heating, ventilation, and air conditioning design and installation in connection with the construction of a testosterone plant for Auxilium Pharmaceuticals, Inc. and/or DPT Laboratories, Inc. Capstone agreed to pay Encompass approximately $500,000 for its work. Before the work required by the subcontract was completed, Encompass filed for bankruptcy protection in November of 2002. On December 31, 2002, the bankruptcy court approved the sale of Encompass's assets to Ken Polk Investments, LLC, and those assets were transferred through a series of merger transactions to Polk Mechanical. The assets transferred to Polk Mechanical included all of Encompass's rights under the subcontract. In addition, all Encompass employees became employees of Polk Mechanical. In March 2003, Polk Mechanical completed the work required by the subcontract and began to demand payment from Capstone.

Two meetings were held in May and July of 2003 at which the parties discussed backcharge credits or offsets that Capstone claimed it was entitled to deduct from the contract price. Capstone initially claimed $75,366.66 in backcharges, but subsequently claimed $307,307.91. During August 2003, Polk Mechanical continued to make demands for documentation to support the backcharge credits alleged by Capstone. In September 2003, partial documentation was provided, but the controversy continued.

In late 2003 or early 2004, the debt owed by Capstone was turned over for collection to Frank Douglas, Polk Mechanical's chief financial officer. Douglas contacted Tom Pittman, Capstone's representative, on a semi-monthly or weekly basis from the date the debt was turned over to him until March of 2006 when the decision was made to file the underlying lawsuit. In these conversations, Capstone never stated it was refusing to pay, but provided various reasons payment could not be made at that time, including that Capstone had not billed the project owner and that Capstone had not been paid by the project owner. Although a settlement was reached between August and October of 2004, the agreement was not reduced to writing and Capstone never paid the settlement amount. After a demand letter was sent in December of 2004, Capstone prevailed upon a mutual friend to ask Polk Mechanical to not file a lawsuit based on Capstone's continued promises to pay the debt when able. Finally, in April 2006, "Polk Mechanical's patience wore out," and it filed the underlying lawsuit. The lawsuit included a claim against Capstone and Pittman for misapplication of trust funds.

In his affidavit in support of Polk Mechanical's response to Jones's motion for summary judgment, Mike Miller, Polk Mechanical's senior project manager, stated:

> Defendant Pittman was the only Capstone officer or decision maker that Polk Mechanical was aware of, and the only officer or decision maker at Capstone that I had any dealings with. On information and belief, Defendant Pittman is, and was, Defendant Capstone's Vice President. Defendant Pittman acted as the final decision maker for Capstone during the DPT Project, and he was the one with whom all substantive discussions regarding the debt owed to Polk Mechanical were had. I never had any discussions or dealings with Roy Jones and was not aware of his existence. Capstone never told anyone that I know at Polk Mechanical that Capstone would not pay the debt owed on the DPT Project.

A substantially identical statement was made in the affidavits of Frank Douglas, Polk Mechanical's chief financial officer, and John Hines, Polk Mechanical's vice-president and a minority owner.

In March 2007, Polk Mechanical received documents during discovery, including checks written to Capstone by the project owner and checks written to subcontractors and suppliers by Capstone relating to the DPT project. This information confirmed: (1) Capstone was paid by the project owner; and (2) Capstone's checks contained two signatures – one known to be Pittman's and the other suspected to be Jones's. However, the information did not reveal whether the funds received by Capstone from the project owner had been diverted for improper purposes. After taking Jones's deposition in April 2007, Polk Mechanical confirmed Jones was the president and sole shareholder of Capstone, was a signatory on Capstone's bank account, and had exercised control or direction over the funds Capstone was paid by the project owner. Finally, in August 2007, Capstone produced checking account records from which Douglas determined Capstone's account had a negative balance "at least by" July 2003, indicating Capstone had diverted funds paid to it for the benefit of Polk Mechanical. An amended petition was filed in September 2007 adding a claim against Jones for misapplication of trust funds.

Jones moved for summary judgment asserting Polk Mechanical's claim against him was barred by limitations. Jones also asserted Polk Mechanical lacked standing to pursue its construction trust fund claim because: (1) Polk Mechanical was merely an assignee of Encompass and, therefore, was not a beneficiary under the Texas Construction Trust Fund Act; (2) Encompass had not suffered the type of injury the Act was intended to prohibit because it was paid fair market value for its assets; (3) Encompass did not assign its inchoate claims against Capstone to Polk Mechanical; and (4) an assignment of Encompass's claim under the Act violates public policy. The trial court expressly granted Jones's motion on limitations, but expressly denied the motion based on standing. Polk Mechanical appeals.

**STANDARD OF REVIEW**

The applicable standard of review is whether Jones, as the summary-judgment movant, established there was no genuine issue of material fact and he was entitled to judgment as a matter of law on the grounds set forth in his motion. *See Pustejovsky v. Rapid-American Corp.*, 35 S.W.3d 643, 645-646 (Tex. 2000). A defendant moving for summary judgment on the affirmative defense of limitations must conclusively prove the elements of that defense. *Id.*; *Potter v. Kaufman & Broad Home Sys. of Tex., Inc.*, 137 S.W.3d 701, 704 (Tex. App.—San Antonio 2004, no pet.). When, as here, the plaintiff pleads the discovery rule as an exception to limitations, the defendant has the burden of negating that exception as well. *See Pustejovsky*, 35 S.W.3d at 646. A defendant seeking summary judgment based on the statute of limitations must prove when the cause of action accrued and must negate the discovery rule by proving as a matter of law that there is no genuine issue of fact about when the plaintiff discovered or should have discovered the nature of the injury. *Potter*, 137 S.W.3d at 704. When reviewing an order granting a traditional motion for summary judgment, courts take evidence favorable to the nonmovant as true and indulge every reasonable inference from the evidence in favor of the nonmovant. *Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997).

**LIMITATIONS**

In its response to Jones's motion for summary judgment, Polk Mechanical conceded limitations would bar its claim against Jones without the operation of the discovery rule, acknowledging:

> Without the discovery rule, Polk Mechanical's trust fund claim against Defendant Jones accrued in July 2003, when the trust funds held by Capstone were diverted. The parties agree that the four-year residual limitations period applies to Polk Mechanical's trust fund claims. It is also not disputed that since Jones was not

added to this suit until September 24, 2007, without the operation of the discovery rule, the statute of limitation[s] would bar Polk Mechanical's trust fund claim against Jones. (record citations omitted)

Although Polk Mechanical argues in its brief that Jones failed to conclusively establish the date on which Polk Mechanical's trust fund claim accrued, it is undisputed that the latest date on which the claim accrued was in July 2003. Because Polk Mechanical did not amend its petition to add the claim against Jones until September 2007, limitations would bar the claim unless the discovery rule applies.

"The discovery rule has been applied in limited categories of cases to defer accrual of a cause of action until the plaintiff knew or, exercising reasonable diligence, should have known of the facts giving rise to a cause of action." *HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 886 (Tex. 1998). The application of the discovery rule is generally limited to those cases where the nature of the injury is inherently undiscoverable and the evidence of the injury is objectively verifiable. *Id*. The applicability of the discovery rule is determined categorically, i.e., not based on whether the particular injury in the case at hand may not have been discovered but whether the injury is of a type that generally is discoverable by the exercise of reasonable diligence. *Id*.

Polk Mechanical's claim against Jones arises under the Texas Construction Trust Fund Act. Under section 162.003 of the Act, a subcontractor who labors or who furnishes labor or material for the construction or repair of an improvement on real property is a beneficiary of any trust funds paid by or received in connection with the improvement. TEX. PROP. CODE ANN. § 162.003 (Vernon 2007). A contractor, or an officer of a contractor who receives trust funds or who has control or discretion of trust funds, is a trustee of the trust funds. *Id*. § 162.002. The Act, therefore, creates a beneficiary/trustee relationship between a subcontractor and a contractor who receives payment from

a project owner. *See id*. In other words, the Act "imposes fiduciary responsibilities on contractors to ensure that Texas subcontractors . . . are paid for work completed." *Kelly v. Gen. Interior Constr., Inc.*, 262 S.W.3d 79, 84-85 (Tex. App.—Houston [14th Dist.] 2008, pet. granted on other grounds); *In re Faulkner*, 213 B.R. 660, 666 n. 10 (Bankr. W.D. Tex. 1997) (noting that trust relationship arises under Texas law at time payments are made to contractor for construction).

A variation to the inherently undiscoverable element arises when applying the discovery rule to a fiduciary relationship. *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 456 (Tex. 1996); *see also S.V. v. R.V.* , 933 S.W.2d 1, 8 (Tex. 1996). In the fiduciary context, "a person to whom a fiduciary duty is owed is either unable to inquire into the fiduciary's actions or unaware of the need to do so." *S V.*, 933 S.W.2d at 8. When a trustee breaches its duty to a beneficiary, the nature of the injury is considered inherently undiscoverable because of the fiduciary nature of the relationship. *See id*. However, the person owed a fiduciary relationship still must exercise reasonable diligence "when the fact of misconduct becomes [so] apparent it can no longer be ignored."[1] *Id.*; *see also Computer Assocs. Int'l,* 918 S.W.2d at 456; *Slay v. Burnett Trust*, 187 S.W.2d 377, 394 (Tex. 1945); *G. Prop. Mgmt., Ltd. v. Multivest Fin. Servs. of Tex., Inc.*, 219 S.W.3d 37, 48-49 (Tex. App.—San Antonio 2006, no pet.).

Because Jones owed fiduciary responsibilities to Polk Mechanical, the inherently undiscoverable requirement for applying the discovery rule is satisfied. *See S V.*, 933 S.W.2d at 8. Moreover, the injury in this case is objectively verifiable as it can be objectively established through bank records and cancelled checks. *See HECI Exploration Co.*, 982 S.W.2d at 886. Accordingly, we hold the discovery rule applied to Polk Mechanical's claim against Jones, and Jones was required

---

[1] This need to exercise reasonable diligence becomes a factor in determining when the beneficiary should have discovered the nature of the injury. *See S.V.*, 933 S.W.2d at 8; *Slay*, 187 S.W.2d at 394.

to conclusively negate its application to be entitled to summary judgment. *See Pustejovsky*, 35 S.W.3d at 646.

To conclusively negate the discovery rule, Jones was required to prove as a matter of law that there was no genuine issue of fact about when Polk Mechanical discovered or should have discovered the nature of the injury. *See Potter*, 137 S.W.3d at 704. Inquiries involving the discovery rule usually entail questions for the trier of fact because when a plaintiff knew or should have known of an injury is generally a fact question. *Childs v. Haussecker*, 974 S.W.2d 31, 44 (Tex. 1998); *Cadle Co. v. Wilson*, 136 S.W.3d 345, 352 (Tex. App.—Austin 2004, no pet.). However, if reasonable minds could not differ about the conclusion to be drawn from the facts in the record, the start of the limitations period may be determined as a matter of law. *Childs*, 974 S.W.2d at 44; *Cadle Co.*, 136 S.W.3d at 352; *Zacharie v. U.S. Nat. Resources, Inc.*, 94 S.W.3d 748, 753 (Tex. App.—San Antonio 2002, no pet.).

Viewing the evidence in the light most favorable to Polk Mechanical, Jones failed to conclusively establish Polk Mechanical should have known of its injury on or before September 24, 2003, or four years before the date it added Jones to the lawsuit. The summary judgment evidence established that in September 2003 (1) Capstone was still reassuring Polk Mechanical it would be paid, (2) Polk Mechanical had no knowledge the project owner had paid Capstone, and (3) Polk Mechanical had no knowledge Capstone and Jones had diverted the funds. In view of the fiduciary nature of their relationship, Polk Mechanical had no reason to make further inquiry into the conduct of Capstone or its officers before September 24, 2003. *See S.V.*, 933 S.W.2d at 8.

Because reasonable minds could differ about when Polk Mechanical knew or should have know of its injury, Jones failed to conclusively negate the discovery rule. Accordingly, the trial court erred in granting summary judgment in favor of Jones based on limitations.

## STANDING

### *Scope of Review*

The trial court's order states, in pertinent part:

> The Court finds that there is no genuine issue of any material fact, and Defendant Jones is entitled to judgment as a matter of law, that the applicable statute of limitations bars Plaintiff's action against Defendant Roy Jones. But the Court finds that genuine issues of material facts exist as to, and Defendant Jones is not entitled to judgment as a matter of law on, all other grounds asserted by Defendant Jones in his Motion for Summary Judgment.

In its second issue, Polk Mechanical addresses the standing issue raised by Jones in his motion for summary judgment. However, Polk Mechanical notes the trial court disagreed with Jones and urges this court not to consider the standing ground raised in Jones's motion. Nonetheless, Polk Mechanical addresses the substance of the standing issue in the event this court "decides to consider it." In his brief, Jones raises a cross-point contending the trial court erred by not finding Polk's lack of standing provided a basis for summary judgment.

In *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 624 (Tex. 1996), the Texas Supreme Court considered "the question of whether courts of appeals should review summary judgment grounds the trial court did not grant when considering the propriety of summary judgment." In *Cates*, the appellees filed cross-points asking the court of appeals to affirm the summary judgment on grounds the trial court expressly denied. 927 S.W.2d at 624-25. The supreme court held "courts of appeals should consider all summary judgment grounds the trial court rules on and the movant preserves for appellate review that are necessary for the final disposition of the appeal when

reviewing a summary judgment." *Id*. at 626. Accordingly, because we have concluded that the trial court erred in granting summary judgment on the basis of limitations, we must consider Jones's cross-point with regard to whether the trial court should have granted summary judgment in his favor on the basis of standing. *See id.*; *see also Carrico v. Kondos*, 111 S.W.3d 582, 586 n.4 (Tex. App.—Fort Worth 2003, pet. denied) (holding that rule 25.1(c) of Texas Rules of Appellate Procedure does not require summary judgment movant to perfect appeal if merely seeking to affirm trial court's order granting summary judgment on alternate grounds because movant is not seeking greater relief than that already granted by trial court).

## B. *Discussion*

In making his arguments that Polk Mechanical has no standing under the Act as Encompass's assignee, Jones focuses on section 162.003 of the Act, arguing Polk Mechanical is not a beneficiary under the Act with regard to the labor performed by Encompass. Jones argues that only the subcontractor that actually performs the labor can be considered a beneficiary under the Act because section 162.003 does not expressly refer to beneficiaries or their assignees.

Initially we note that all of the arguments asserted by Jones ignore the fact that after Polk Mechanical was assigned Encompass's rights under the subcontract, Polk Mechanical labored or furnished labor and material for the DPT project in completing the work under the subcontract, thereby making it a beneficiary under section 162.003 of the Act. *See* TEX. PROP. CODE ANN. § 162.003 (Vernon 2007) (providing that subcontractor who labors or who furnishes labor or material for construction or repair of improvement on real property is beneficiary). Because the ground asserted in Jones's motion was lack of standing and the evidence establishes Polk

Mechanical has standing as a beneficiary for the labor it provided in completing the subcontract, the trial court did not err in denying Jones's motion for summary judgment on this ground.

We additionally note that all of the standing arguments asserted by Jones presuppose Capstone was paid by the project manager before Encompass sold its assets to Polk Mechanical. This assumption necessarily underlies Jones's arguments because the payment by the project manager is the act that would give rise to the creation of a trust. *See id*. § 162.001 (providing that construction payments are trust funds if payments are made to contractor under construction contract for improvement of specific real property in this state); *see also In re Faulkner*, 213 B.R. at 666 n. 10 (noting that trust fund is created under Texas law at time payments are made to contractor for construction). The record in this case, however, does not contain any evidence with regard to the timing of the payments by the project owner to Capstone. Viewing the evidence in the light most favorable to Polk Mechanical, the only evidence in the record is that the payments had not occurred before the sale. The evidence shows Capstone told Polk Mechanical it could not pay because Capstone had not been paid by the project owner. Accordingly, a genuine issue of material fact exists as to whether a trust was ever created in favor of Encompass because the trust would have been created at the time Capstone was paid by the project owner.

Furthermore, Jones's argument that Encompass's "claim" was extinguished and his arguments relating to whether Encompass could or did assign a "chose in action" ignore the rights Encompass could have transferred to Polk Mechanical. Assuming the project owner paid Capstone before Encompass sold its assets, a trust was created with Encompass as its beneficiary. *See* TEX. PROP. CODE ANN. §§ 162.001, 162.003 (Vernon 2007). There is no evidence in the record conclusively establishing Capstone misapplied the trust funds before the asset sale. Therefore, there

was no "chose in action" to be assigned. Instead, Encompass transferred all if its rights and interests under its subcontract to Polk Mechanical. One of the rights and interests Encompass had under its subcontract, assuming construction funds had been paid, was its rights as a beneficiary under the trust created by the payment of construction funds to Capstone. It is well settled that a trust beneficiary who has the capacity to transfer property generally has the power to transfer a present, vested equitable interest in a trust. *See Faulkner v. Bost*, 137 S.W.3d 254, 260 (Tex. App.—Tyler 2004, no pet.); *Little v. Deaton*, 416 S.W.2d 828, 832 (Tex. Civ. App.—Eastland 1967, no writ); *Long v. Long*, 252 S.W.2d 235, 246 (Tex. Civ. App.—Texarkana 1952, writ ref'd n.r.e.). Nothing in the Act prohibits a subcontractor from transferring its equitable interest in the trust to another. Accordingly, Encompass was not prohibited from transferring any equitable interest it might have had in a trust created by the payment of construction funds to Capstone. Because there is no evidence the transfer from Encompass to Polk Mechanical included a transfer of a claim or a chose in action, as opposed to a transfer of Encompass's equitable interest as the beneficiary of a trust, Jones's remaining standing arguments are overruled.

## CONCLUSION

We sustain Polk Mechanical's issue, and overrule Jones's cross-point. Accordingly, the trial court's summary judgment in favor of Jones is reversed, and the cause is remanded to the trial court for further proceedings.

Steven C. Hilbig, Justice